# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

_Helena_ DIVISION

(You must fill in this blank. See Instruction 7)

**RECEIVED**
**MAR 0 3 2014**
Clerk, U.S. District Court
District Of Montana
Missoula

(Full name of Plaintiff and prisoner number, if any)
Mr. DEWAYNE BEARCHILD, SR.
D.O.C. #2041116        Plaintiff,

VS.

KRISTY COBBAN (GRIEVANCE COORDINATOR),
SGT. PASHA, SAM ~~Jovanovich~~ Jovanovich (C-U-I UNIT-MANAGER),
LT. TOM BLAZ, C/O JOHNSON, C/O SHASHLINGE

(Full name of each defendant as listed in the Parties section on page 5. Do not use et. al.)
Defendants [here in] ACTING UNDER COLOR OF STATE LAW, SUED IN THEIR OFFICIAL CAPACITIES. Defendants.

**COMPLAINT**

Jury Trial Demanded ☒
Jury Trial Not Demanded ☐

## INSTRUCTIONS

1. Use this form to file a civil complaint with the United States District Court for the District of Montana. Include only counts/causes of action and facts – not legal arguments or citations. You may attach additional pages where necessary. Your complaint must be typed or legibly handwritten in ink and on white paper. Write on only one side of the paper. Do not use highlighters and do not staple or otherwise bind your papers. All pleadings and other papers submitted for filing must be on 8 ½" x 11" paper (letter size). You must sign the complaint (see page 8). Your signature need not be notarized but it must be an original and not a copy. The Clerk's Office cannot provide you copies of documents in your file without prepayment of $0.10 per page (for documents electronically available) or $0.50 (for documents not electronically available). Please keep a copy of the documents you send to the Court.

2. The filing fee for a complaint is $350.00. This amount is set by Congress and cannot be changed by the Court. If you pay the filing fee, you will be responsible for serving the complaint on each defendant and any costs associated with such service.

3. If you are unable to prepay the entire filing fee and service costs for this action, you may file a motion to proceed in forma pauperis. If you are a prisoner and your motion to proceed in forma pauperis is granted, the Court will assess an initial partial filing fee equal to 20% of the average monthly deposits to your prison account for the six months immediately preceding the filing of the action, or 20% of the average monthly balance in your prison account for the same six month period, whichever is greater. Thereafter, the balance of the filing fee will be collected in installments equal to 20% of your preceding month's income any time the amount in your account exceeds $10.00. You will be required to continue making these payments even if you complaint is dismissed.

4. Complaints submitted by persons proceeding in forma pauperis and complaints submitted by prisoners suing a governmental entity or employee must be reviewed by the Court before the defendants are required to answer. See 28 U.S.C. §§ 1915(e)(2), 1915A(a); 42 U.S.C. § 1997e(c). The Court will dismiss your complaint before it is served on the defendants if: (1) your allegation of poverty is untrue; (2) the action is frivolous or malicious; (3) your complaint does not state a claim upon which relief may be granted; or (4) you sue a defendant for money damages and that defendant is immune from liability for money damages. After the Court completes the review process, you will receive an Order explaining the findings and any further action you may or must take. The review process may take a few months; each case receives the judge's individual attention. Plaintiffs should not serve defendants, pursue discovery, or request entry of default judgment prior to the completion of this review process.

5. Prisoners who have had three or more cases dismissed as frivolous, malicious, or failing to state a claim upon which relief may be granted (strikes) will not be permitted to file any further civil actions without prepaying the filing fee unless they are in imminent danger of serious harm. See 28 U.S.C. § 1915(g).

6. Prisoners may not maintain more than two civil actions in forma pauperis at one time, unless the prisoner shows that he or she is under imminent danger of serious physical injury.

7. The case caption (page 1 of this form) must indicate the proper Division for filing. The proper Division is where the alleged wrong(s) occurred. When you have completed your complaint, mail the *original* of your complaint and either the full filing fee or your motion to proceed in forma pauperis to the proper Division:

Billings Division:   *Big Horn, Carbon, Carter, Custer, Dawson, Fallon, Garfield, Golden Valley, McCone, Musselshell, Park, Petroleum, Powder River, Prairie, Richland, Rosebud, Stillwater, Sweetgrass, Treasure, Wheatland, Wibaux, and Yellowstone Counties*
   **U.S. District Court Clerk, James F. Battin Courthouse, 2601 2nd Avenue North, Suite 1200, Billings, MT 59101**

Butte Division: *Beaverhead, Deer Lodge, Gallatin, Madison, and Silver Bow Counties*
**U.S. District Court Clerk, Mike Mansfield Courthouse, 400 N. Main, Butte, MT 59701**

Great Falls Division: *Blaine, Cascade, Chouteau, Daniels, Fergus, Glacier, Hill, Judith Basin, Liberty, Phillips, Pondera, Roosevelt, Sheridan, Teton, Toole, and Valley Counties* **(Crossroads Correctional Center is located in Toole County and all claims arising at CCC should be filed in Great Falls)**
**U.S. District Court Clerk, Missouri River Courthouse, 125 Central Ave. West, Great Falls, MT 59404**

Helena Division: *Broadwater, Jefferson, Lewis & Clark, Meagher, and Powell Counties* **(Montana State Prison is located in Powell County and all claims arising at MSP should be filed in Helena)**
**U.S. District Court Clerk, Paul G. Hatfield Courthouse, 901 Front St., Ste 2100, Helena, MT 59626**

Missoula Division: *Flathead, Granite, Lake, Lincoln, Mineral, Missoula, Ravalli, and Sanders Counties*
**U.S. District Court Clerk, Russell Smith Courthouse, P.O. Box 8537, Missoula, MT 59807**

# COMPLAINT

## I. PLACE OF CONFINEMENT

A. Are you incarcerated?     Yes ☒     No ☐  (if No, go to Part II)

B. If yes, where are you currently incarcerated?  MONTANA STATE PRISON 700 CONLEY LAKE ROAD DEER LODGE, MT. 59722

C. If any of the incidents giving rise to your complaint occurred in a different facility, list that facility:

*Complaint (Revised August 2012)*
Plaintiff's Last Name **BEARCHILD**
Page 3 of 8

## II. JURISDICTION

Jurisdiction is asserted under (CHECK ANY THAT APPLY):

    __x__ 28 U.S.C. § 1331 because it raises a civil rights claim against a state or local government employee or entity under 42 U.S.C. § 1983

    ____ 28 U.S.C. § 1331 because it raises a claim against a federal employee under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971)

    ____ 28 U.S.C. § 1332 (diversity) because all the defendants live in a different state than plaintiff

If you wish to assert jurisdiction claim under different statutes, list them below.

## III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

A. Non-Prisoners
  1. Does any cause of action alleged in this complaint require you to exhaust administrative remedies before filing in court? Yes ☐ No ☐ Don't Know ☐

  2. If yes, have you exhausted your administrative remedies? Yes ☐ No ☐

B. Prisoners (If other institutions listed in I(C) above, answer for each institution).
  1. Did you fully exhaust the administrative grievance process within the jail or prison where the incidents at issue occurred? **AS FAR** Yes ☒ No ☐
  **AS I KNOW. (SEE BELOW (2.)**

  2. If you did not fully exhaust the grievance process, explain why:
  **SEE — III. EXHAUSTION OF ADMINISTRATIVE Remedies, SECTION (B) (2.) CONTINUED**

(NOTE: Prisoners must exhaust their jail/prison's grievance process. Proper exhaustion requires compliance with the jail/prison's grievance deadlines and procedural rules.)

SEE-III. EXHAUSTION OF ADMINISTRATIVE REMEDIES, SECTION (B)(2.) CONTINUED.

Case 6:14-cv-00012-DLC Document 2 Filed 03/03/14 Page 5 of 17

Page one

Defendant, Kristy Cobban (Grievance Coordinator) Refused to process the Plaintiffs', Mr. BEARCHILD grievance on his continued Sexual Assault by Defendant, Sgt. Pasha described herein.

"WHY?"

Because she said that because the Plaintiff, Mr. BEARCHILD

(1.) had too many grievance continuation forms with his grievance it violated prison grievance policy M.S.P. 3.3.3. And

(2.) Because the Plaintiff, Mr. BEARCHILD requested to have Defendant, Sgt. Pasha removed as a Sargent, And to be removed from the High side unit one management team.

(3.) Because Defendant, Kristy Cobban said that, the Plaintiff, Mr. BEARCHILD chose NOT TO Resubmitt an Informal Grievance in the time allowed following procedures And her instructions.

The Plaintiff, Mr. BEARCHILD did Resubmitt his grievance in a timely manner following Defendant, Kristy Cobbans' instructions And M.S.P. 3.3.3 policy.

The Plaintiff, Mr. BEARCHILD has witnesses that saw him do same. (SEE ENCLOSED AFFIDAVITS).

Regard Less,

(1.) you cannot for any Reason deny the Plaintiff, Mr. BEARCHILD access to court.

And

(2.) The Plaintiff, Mr. BEARCHILD cannot be denied meaningfull access to court as is the case herein.

This is Defendant, Kristy Cobban has done, as she will not allow The Plaintiff, Mr. BEARCHILD to file any fur-

—ther grievance in this matter.

No disrespect or insolence, but it seems Defendant, Kristy Cobban feels she can do what she wants, when she wants.

(SEE ATTACHED MEMORANDUM OF LAW IN SUPPORT).

## IV. PARTIES TO CURRENT LAWSUIT

A. Plaintiff _Mr. DEWAYNE BEARCHILD_ is a citizen of _MONTANA_,
(State)
presently residing at _MONTANA STATE PRISON 700 CONLEY LAKE ROAD DEER LODGE, MT. 59722_.
(Mailing address or place of confinement)

B. Defendant _KRISTY COBBAN_ is a citizen of _MONTANA_,
(State)
employed as _GRIEVANCE COORDINATOR_ at _MONTANA STATE PRISON_.
(Position and Title, if any) (Institution/Organization)

Defendant _PASHA_ is a citizen of _MONTANA_,
(State)
employed as _SGT._ at _MONTANA STATE PRISON_.
(Position and Title, if any) (Institution/Organization)

Defendant _SAM JOHENCVICH_ is a citizen of _MONTANA_,
(State)
employed as _UNIT MANAGER_ at _C-U-I MONTANA STATE PRISON_.
(Position and Title, if any) (Institution/Organization)

Defendant _TOM BLAZ_ is a citizen of _MONTANA_,
(State)
employed as _Lt._ at _MONTANA STATE PRISON_.
(Position and Title, if any) (Institution/Organization)

Defendant _Dan JOHNSON_ is a citizen of _MONTANA_,
(State)
employed as _Guard_ at _MONTANA STATE PRISON_.
(Position and Title, if any) (Institution/Organization)

Defendant _SHASHLINGE_ is a citizen of _MONTANA_,
(State)
employed as _Guard_ at _MONTANA STATE PRISON_.
(Position and Title, if any) (Institution/Organization)

(**NOTE**: If more space is needed to furnish the above information, continue on a blank sheet labeled "APPENDIX A: PARTIES").

*Complaint (Revised August 2012)*
*Page 5 of 8*

Plaintiff's Last Name _BEARCHILD_

V. STATEMENT OF CLAIMS

"APPENDIX B. STATEMENT OF CLAIMS."

2.

(4.) Defendant, Lt. Tom BLAZ who handled the PREA Investigation for Plaintiff, BEARCHILD, conspired with the other Defendants' herein to cover-up Defendant, Sgt. Pashas' Sexual Assault upon Plaintiff, BEARCHILD.

During the PREA Investigation Defendant, Lt. Tom BLAZ Refused to Interview the Plaintiff, BEARCHILD'S witnesses to his sexual Assault by Defendant, Sgt. Pasha. And Defendant, Lt. Tom BLAZ Admitted that when he was a correctional officer he sexually Assaulted inmates Just Like Defendant, Sgt. Pasha sexually Assaulted the Plaintiff, BEARCHILD.

(5.) Defendant, DAN Johnson Failed to Protect Plaintiff, BEARCHILD from Sexual Assault.

(6.) Defendant, Shashlinge Failed to Protect Plaintiff, BEARCHILD from Sexual Assault.

At 8:10 A.M. On the morning of Monday, November 4, 2013.

The Plaintiff, Mr. BEARCHILD, and along with all three (3) of his witnesses, G.E.D., Teacher, Ms. Sara Simmons, Inmate Mr. James Ball D.O.C #15309 and along with, G.E.D Inmate Student, Mr. Marquis R. Scott D.O.C #43638.

The Plaintiff, Mr. BEARCHILD and along with his witness, Mr. Marquis R. Scott D.O.C #43638 where on there way on out of High Side Closed one unit, and on there way to their G.E.D Class on that morning.

At which time the Plaintiff, Mr. BEARCHILD was stopped by first shift Sgt. Pasha, and At which time; The Plaintiffs' witness Mr. Marquis R. Scott D.O.C #43638 was also stopped by Shoshlinge a guard. Both the Plaintiff, and along with the witness were going to have a pat search conducted upon there person first before exiting close unit one.

At which time Sgt. Pasha conducted a pat search upon the Plaintiff person; during the search he fondled the Plaintiff, Mr. BEARCHILDS' PENIS, And TESTICLES for approximately FIVE-MINUTES' by rubbing and in a stroking motion, And did grope And sqeeze his Testicles, And PENIS. Then Plaintiff, Mr. BEARCHILD protested, At which time the Plaintiff, Mr. BEARCHILD did make the comment towards Sgt. Pasha.

"Now thats' NOT APPROPRIATE, And Thats' UNCALLED FOR", At which time Sgt. Pasha ordered the Plaintiff, Mr. BEARCHILD to pull out his wasteband on out and away from the Plaintiffs' body, And Just stood there stareing at his privates.

At which time the Plaintiffs' witness, his G.E.D teacher, Ms. Sara Simmons hurridly exited the unit. At which time

She made the comment, "ARE YOU FOR REAL!" To Sgt. Pasha.

At which time Sgt. Pasha, Than looked down inside of the Plaintiffs' pants, Then Sgt. Pasha made the comment, while still looking down inside the Plaintiffs' underware and while still looking down at the Plaintiffs' PENIS And TESTICLES.

"What is that within the Plaintiffs', Mr. BEARCHILDS' underware?"

At which time the Plaintiff, Mr. BEARCHILD replied. "MY PENIS!"

At which time Sgt. Pasha made another comment directly towards the Plaintiff, Mr. BEARCHILD, while still looking directly down inside of the Plaintiffs' underware.

"Is That ALL OF You?"

At which time Sgt. Pasha began to laugh at me, And the (2) other guards, Johnson, and Shoshlinge, began Laughing at me too.

At which time Shoshlinge, had just completed his own pat search on the Plaintiffs' witness, Mr. Marquis R. SCOTT D.O.C #43638, At which time the Plaintiffs' witness SCOTT Then exited on out the unit Too.

At which time Sgt. Pasha along with his Two (2) other guards all began to look directly towards the Plaintiff, Mr. BEARCHILD, Then they all began to laugh in / with a humorous expression while looking directly towards the Plaintiff, Mr. BEARCHILD.

At which time the Plaintiff had to wait their with his head held down feeling upset while the three (3) guards were laughing at the Plaintiff, until the Plaintiff was

ordered to exit the High side close unit one, by first shift Sgt. Pasha, while his Two guards just stood by him laughing at me And failed to protect me.

"SEE ADDITIONAL WITNESS STATEMENTS".

It should be noted that the conduct of the defendants herein Violated / violates the D.O.C / M.S.P. employee conduct policy.

Defendant, Kristy Cobban (Grievance Coordinator) Refused to process the Plaintiffs', Mr. BEARCHILD grievance on his continued sexual assault by Defendant, Sgt. Pasha described herein.

"WHY?"

Because she said that because the Plaintiff, Mr. BEARCHILD

(1.) Had too many grievance continuation forms with his grievance it violated prison grievance policy M.S.P. 3.3.3. And

(2.) Because the Plaintiff, Mr. BEARCHILD requested to have Defendant, Sgt. Pasha removed as a sargent, And to be removed from the High Side unit one management team.

(3.) Because Defendant, Kristy Cobban said that the Plaintiff, Mr. BEARCHILD chose NOT To resubmitt an Informal Grievance in the time allowed following procedures And her Instructions.

The Plaintiff, Mr. BEARCHILD did resubmitt his grievance in a timely manner following Defendant, Kristy Cobban's Instructions And M.S.P. 3.3.3 policy.

The Plaintiff, Mr. BEARCHILD has witnesses that saw him do same, (SEE ENCLOSED AFFIDAVITS).

Regard Less,

(1.) You cannot for any Reason deny the Plaintiff, Mr.—

-BEARCHILD access to court. And

(2.) The Plaintiff, Mr. BEARCHILD cannot be denied meaningfull access to court As is the case herein.

This is Defendant, Kristy Cobban has done, As she will not allow the Plaintiff, Mr. BEARCHILD to file any further grievance in this matter.

No disrespect OR insolence, But it seems Defendant, Kristy Cobban feels she can do what she wants, when she wants.

( SEE ATTACHED MEMORANDUM OF LAW IN SUPPORT ).

The Defendant, Kristy Cobban by her own UNCONSTITUTIONAL ACTIONS/ACTS/PRACTICES described herein has denied the Plaintiff, Mr. BEARCHILD access to court And meaningfull access to court, And has conspired with other Defendants' herein to cover-up Defendant, Sgt. Pashas' Sexual Assaults upon the Plaintiff, Mr. BEARCHILDS' person.

The Defendant, Jovanovich close unit one (1) unit manager failed to protect the Plaintiff, Mr. BEARCHILD from the sexual assault of Defendant, Sgt. Pasha herein.

"How?"

By knowing that (Defendant, Sgt.) Pasha had prior And past inmate complaints filed against him for sexual Assaults And sexual misconduct, And still allowed Defendant, Sgt. Pasha to work in his unit And have contact with the Plaintiff, Mr. BEARCHILD And other inmates housed therein. And did fail to supervise Defendant, Sgt. Pasha while he was in his unit to ensure that NO sexual conduct occurred.

The Defendant, Jovanovich was deliberatly indifferent towards the Plaintiff, Mr. BEARCHILDS' sexual Assault by NOT contacting the Powell County Sheriff As the Plaintiff, Mr. BEARCHILD Requested so he could file a complaint, And allowing Defendant, Sgt. Pasha to continue Working the rest of his shift in close unit one (1) without Investigating the Plaintiff, Mr. BEARCHILDS' claim of sexual Assault upon his person Committed by Defendant, Sgt. Pasha.

Instead without even talking to Defendant, Sgt. Pasha about sexually Assaulting the Plaintiff, Mr. BEARCHILD he left early for three days off.

Leaveing Defendant, Sgt. Pasha in charge of the unit during his morning shift.

The Defendant, Lt. Tom BLAZ Stated that he conducted the PREA Investigation on the Plaintiff, Mr. BEARCHILDS' Sexual Assault And concluded, being a friend of Defendant, Sargent Pasha, that there was NO merit to the complaints of a sexual Assault by Defendant, Sgt. Pasha upon the Plaintiff, Mr. BEARCHILDS' person.

Yet Defendant, Lt. Tom BLAZ Refused/Failed to Interview any of the Plaintiff, Mr. BEARCHILDS' Eye witnesse's to his sexual Assault by Defendant, Sgt. Pasha.

The Defendant, Lt. Tom BLAZ told the Plaintiff, Mr. BEARCHILD that it is part of Montana State Prison pat down procedure to grope And touch And fondle Inmate private parts in the manner that Defendant, Sgt. Pasha did to the Plaintiff, Mr. BEARCHILD described herein.

The Defendant, Lt. Tom BLAZ then said that as a correctional officer he did the same pat down procedure in the exact same manner As Defendant, Sgt. Pasha did by gropeing, Touching, And Fondleing Inmate Penises And private parts.

In other words If you use the Montana State Prison pat down procedure At Montana State Prison on the Plaintiff, Mr. BEARCHILD OR any other Inmate housed At Montana Stat Prison, it gives them permission to Sexually Assault Inmates on a Regular Basis.

No disrespect OR Insolence Intended.

The Defendant, Lt. Tom BLAZ Knowing that these Sexual Assaults occurr on A Regular Basis At Montana State Prison during pat downs, And has done Nothing to stop OR Correct Same, is guilty of failing to protect the Plaintiff, Mr. BEARCHILD And other Inmates housed at Montana State Prison And is Accessorie to the Plaintiff, Mr. BEARCHILDS' Sexual Assault, And is guilty of same by Knowingly allowing same, And is guilty of Covering up Sexual Assaults on the Plaintiff, Mr. BEARCHILD And other Inmates At Montana State Prison, [EMPHASIS Added].

This Interview that the Plaintiff, Mr. BEARCHILD had with the Defendant, Lt. Tom BLAZ described herein is on CAMERA At the Montana State Prison education Department.

## V. STATEMENT OF CLAIMS

A. Count I (State your cause of action, e.g., what constitutional rights have been violated): MY PROTECTED RIGHTS UNDER THE 1st, 14th, 5th, 8th, etaL., RIGHTS UNDER THE U.S. CONSTITUTION HAVE BEEN VIOLATED BY THE DEFENDANTS HEREIN. BECAUSE OF DEFENDANTS HEREIN UNCONSTITUTIONAL ACTS AND PRACTICES DESCRIBED HEREIN. INCLUDE EXHIBITS AND AFFIDAVITS.

Date of incident(s):

1. Supporting Facts: (Include all facts you consider important, including names of persons involved, places, and dates. Describe what happened without citing legal arguments, cases, or statutes). SEE STATEMENT OF CLAIMS — SUPPORTING FACTS CONTINUED — SEE ATTACHED.

INCLUDE EXHIBITS AND AFFIDAVITS.

Defendant, KRISTY Cobban Punished the Plaintiff, Mr. BEARCHILD For his Wording And Content of his INFORMAL Resolution Grievance by Refusing to Process Same. (See Memorandum of Law).

2. Defendants Involved: (List the name of each defendant involved in this claim and specifically describe what each defendant did or did not do to allegedly cause your injury). (1.) Defendant, Kristy Cobban — impeded/obstructed the Plaintiffs' access to court by denying the Plaintiff his Right to Exhaust his Administrative Remedies At Montana State Prison. And denied the Plaintiff meaningfull access to court. And the Defendant, Kristy Cobban conspired with The other Defendants' herein to cover-up the Sexual Assault upon the Plaintiffs' person by her Action described herein, And is AN Accessorie to same. (2.) Defendant, Sgt. Pasha sexually Assaulted Plaintiff, BEARCHILD, And conspired with The other Defendants herein to cover-up the sexual Assault. (3.) Defendant, Sam Jovenovich Failed to Protect. Plaintiff BEARCHILD from sexual Assault committed by Defendant, Pasha, And Conspired with Defendants' herein to cover-up Defendant, Pasha's sexual Assault upon, Plaintiff BEARCHILD, And is AN Accessorie to same. And did Nothing knowing about same. INCLUDE EXHIBITS AND AFFIDAVITS

(NOTE: For each additional claim, use a blank sheet labeled "APPENDIX B. STATEMENT OF CLAIMS." You must set forth two paragraphs for each count, one consisting of Supporting Facts (following the directions under V(A)(1)), and one consisting of Defendants Involved (following the directions under V(A)(2)). Defendant, Kristy Cobban Punished The Plaintiff, MR. BEARCHILD for his wording And content of his INFORMAL Resolution Grievance by Refusing to Process same. (See Memorandum of Law).

Complaint (Revised August 2012)

Plaintiff's Last Name BEARCHILD                                    Page 6 of 8

## VI. INJURY

Describe the injuries you suffered as a result of each individual defendant's actions. (Do not cite legal arguments, cases, or statutes). As a Result of the Defendants' Acts/Practices described in this complaint. (1.) I suffered cruel and unusal Punishment and inhumane degrading treatment, which has led to the unnessary wanton infliction of Pain. (2.) I am suffering, and have suffered, mental and Emotional, stress, dursess, Anguish, Loss of sleep, panic Anxiety Attacks, High Blood pressure problems leading to headaches/nose bleeds. (3.) As a Result of the sexual Assault on my person by Defendant, Sgt. Pasha, my nerves got so bad I broke out in sores. (4.) I have suffered Loss of Appetite and Extreme Shame As A Result of the Defendants' herein unconstitutional Acts and Practices. (5.) My Protected Constitutional Right to be free from Cruel and unusual punishment and Inhumane degradeing treatment under the 8th Amendment of the U.S. Constitution has been violated including my Right to due process of Law and Equal Protection of Law. My Right to Access to Court, and my Right to meaning full Access to court, was impeded/obstructed/And Hindered As Well As delayed, due to Montana State Prison's

(NOTE: If more space is needed to furnish the above information, continue on a blank sheet labeled "APPENDIX C: INJURY"). Unconstitutional Grievance Policy M.S.P. 3.3.3.

## VII. REQUEST FOR RELIEF

Describe the relief you request. (Do not cite legal arguments, cases, or statutes). That The Defendants' herein individually and Separately Pay The Plaintiff, Mr. Bearchild compensatory damages in the amount of $ONE MILLION dollars, Each. That The Defendants' herein individually and separately pay The Plaintiff, Mr. Bearchild punitive damages or exeplary damages in the amount of $NINE MILLION DOLLARS each. That this court make a declaratory Judgment that the Defendants' named in this complaint Violated The Plaintiff, Mr. Bearchilds' Protected Constitutional Rights under the U.S. Constitution. That A permanet Injunction be Issued to Prohibit and Stop all employees of Montana State Prison, including the Montana Dept. of Correction Staff, from useing the M.S.P Grievance policy, M.S.P. 3.3.3. or any other Prison policy, That impedes/hinders/denys Plaintiff/Prisoners from useing and/or exhausting their Administrative Remedies through the M.S.P. Grievance System. That A permanet Injunction be issued and placed against the Montana State Prison Pat down policy To Stop Prison Staff from useing it for Sexual Assault Purposes. And this court examine and investigate said Policy.

(NOTE: If more space is needed to furnish the above information, continue on a blank sheet labeled "APPENDIX D: REQUEST FOR RELIEF").

Plaintiff's Last Name BEARCHILD

Complaint (Revised August 2012)
Page 7 of 8

## VIII. PLAINTIFF'S DECLARATION

A. I understand I must keep the Court informed of my current mailing address and my failure to do so may result in dismissal of this Complaint without notice to me.

B. I understand the Federal Rules of Civil Procedure prohibit litigants filing civil complaints from using certain information in documents submitted to the Court. In order to comply with these rules, I understand that:

- social security numbers, taxpayer identification numbers, and financial account numbers must include only the last four digits (e.g. xxx-xx-5271, xx-xxx5271, xxxxxxxx3567);
- birth dates must include the year of birth only (e.g. xx/xx/2001); and
- names of persons under the age of 18 must include initials only (e.g. L.K.).

If my documents (including exhibits) contain any of the above listed information, I understand it is my responsibility to black that information out before sending those documents to the Court.

<u>I understand I am responsible for protecting the privacy of this information.</u>

C. I understand the submission of a false statement or answer to any question in this complaint may subject me to penalties for perjury. I declare under penalty of perjury that I am the Plaintiff in this action, I have read this complaint, and the information I set forth herein is true and correct. 28 U.S.C. § 1746; 18 U.S.C. § 1621.

D. (Prisoners Only) This Complaint was deposited in the prison system for legal mail, postage prepaid or paid by the prison, on

Executed at **MONTANA STATE PRISON** on *Friday,* **FEBRUARY 28**, 20**14**.
         (Location)                           (Date)

*Mr. Dewayne Bearchild, Sr.*
Signature of Plaintiff