IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| DEWAYNE BEARCHILD, | CV 14-00012-H-DLC-RKS |
| Plaintiff, | |
| vs. | ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |
| KRISTY COBBAN, SGT. PASHA, SAM JOVANOVICH, TOM BLAZ, DAN JOHNSON and C/O SHASHLINGE, | |
| Defendants. | |

## SYNOPSIS

Mr. Bearchild alleges Defendants violated his constitutional rights when Sgt. Pasha sexually assaulted him during a pat-down search and he was denied access to the grievance process. (Complaint, Doc. 2.) Mr. Bearchild has also filed a Motion for Leave to File a Supplemental Complaint, alleging Defendants retaliated against him after he filed this lawsuit and delayed his legal mail. (Doc. 7.)

The Motion for Leave will be granted. Mr. Bearchild's claims of excessive use of force and retaliation will be served upon Defendants Pasha, Jovanovich, Blaz, Johnson, Bruno, and MacDonald. Mr. Bearchild's allegations regarding the grievance process, verbal harassment, the denial of two meals, access to the courts,

and the delay of his legal mail fail to state a claim upon which relief may be granted and should be dismissed.

## JURISDICTION

Mr. Bearchild filed this action in federal court, in the Helena Division of the District of Montana.  (Complaint, Doc. 2.)  The Court has personal jurisdiction over the parties, all of whom are found in Montana.  Fed. R. Civ. P. 4(k)(1)(A); Mont. R. Civ. P. 4(b).  Read liberally, the Complaint alleges a violation under 42 U.S.C. § 1983, invoking subject matter jurisdiction.  28 U.S.C. § 1331, 28 U.S.C. § 1343(a).  The case was assigned to Hon. Dana Christensen, Chief United States District Court Judge, and referred to the undersigned.  Local Rule 72.2(a)(1).

## MOTION TO SUPPLEMENT

Rule 15(a)(1) of the Federal Rules of Civil Procedure provides that:

> A party may amend its pleading once as a matter of course within:
> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

*Id.*

The Court construes Mr. Bearchild's Supplement to the Complaint as an amended pleading filed as a matter of right before service of process or the filing

of a responsive pleading.  The Motion for Leave to File a Supplemental Complaint (Doc. 7) will be granted.  The Clerk of Court will be directed to file the Supplemental Complaint (Doc. 7-1) and add as Defendants in the docket: Correctional Officer Bruno, Sgt. MacDonald, and Denise Deyott.

## STATUS

Mr. Bearchild is a prisoner in the custody of the State of Montana.  His Complaint and the Supplement thereto must be reviewed to determine if the allegations are frivolous, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  If so, the case must be dismissed.  28 U.S.C. §§ 1915(e)(2), 1915A(b).  This is the review.

## STANDARDS

### Stating a claim

A complaint must allege sufficient factual matter to "state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Plausibility is less than probability, but requires "more than a sheer possibility that a defendant has acted unlawfully."  *Id.*  Pleadings that are no more than

conclusions are not entitled to the presumption of truth and may be disregarded. *Id.* at 679.  A plaintiff must plead the essential elements of a claim to avoid dismissal.  *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

**Leave to amend**

The Court liberally construes pro se pleadings.  *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987).  "Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action."  *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

Leave to amend a complaint should be given freely "when justice so requires."  Fed. R. Civ. P. 15.  A district court, however, should dismiss a complaint without granting leave to amend if amendments would be futile. *Klamath Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983).  "Leave to amend need not be given if a complaint, as amended, would be subject to dismissal."  *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989).

**Eighth Amendment–Excessive Use of Force**

Eighth Amendment excessive use of force claims contain both a subjective and an objective component and require two inquiries:  (1) whether the official

charged with inflicting force acted with a sufficiently culpable state-of-mind; and (2) whether the force used was sufficiently serious to establish a constitutional violation. *Hudson v. McMillian*, 503 U.S. 1,8 (1992); *Wilson v. Seiter*, 501 U.S. 294, 298 (1991).

Not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson*, 503 U.S. at 9. "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes form constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.' " *Hudson*, 503 U.S. at 9-10. An inmate who complains of a "push or shove" that causes no discernable injury almost certainly fails to state a valid excessive force claim. *Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010). But the malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. *Id.* at 9; *see also Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines *de minimis* uses of force, not *de minimis* injuries).

**Retaliation**

To establish a claim for retaliation in violation of the First Amendment in the prison context, a plaintiff must show: (1) a prison official took adverse action

against him because of his protected conduct, (2) that action chilled his exercise of his constitutional rights, and (3) the action did not advance a legitimate correctional goal. *Wood v. Beauclair*, 692 F.3d 1041, 1051 (9th Cir. 2012) *(citing Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005)). The adverse action need not be an independent constitutional violation. *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995). "[T]he mere threat of harm can be an adverse action, regardless of whether it is carried out because the threat itself can have a chilling effect." *Brodheim v. Cry*, 584 F.3d 1262, 1270 (9th Cir. 2009). "[T]iming can properly be considered as circumstantial evidence of retaliatory intent." *Pratt*, 65 F.3d at 808.

**Grievance Process**

An inmate does not have a constitutional right to have his grievances decided or processed in a particular manner. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) ("[I]nmates lack a separate constitutional entitlement to a specific grievance procedure."). The handling of a particular grievance may have a bearing on whether the inmate has constructively satisfied the administrative exhaustion requirement in order to pursue other underlying claims. However, there is no independently viable constitutional claim for any alleged deficiency in the grievance process itself.

**Access to the Courts**

Prisons must provide "a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (*citing Bounds v. Smith*, 430 U.S. 817, 825 (1977)). There is no "abstract, freestanding right to a law library or legal assistance." *Casey*, 518 U.S. at 351. Instead, an inmate must "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Casey,* 518 U.S. at 351.

To show a violation of this right to access to the courts, an inmate must demonstrate "actual injury," that is a specific instance in which he was denied access. *Silva v. DiVittorio*, 658 F.3d 1090, 1102 (9th Cir. 2011); *see also Casey*, 518 U.S. at 349. "The injury requirement is not satisfied by just any type of frustrated legal claim." *Casey,* 518 U.S. at 354-55. Prisoners have a right to access to the courts only in relation to direct appeals from the convictions for which they were incarcerated, habeas petitions, or civil rights actions challenging the conditions of their confinement. *Id.* This right of access to the courts "guarantees no particular methodology but rather the conferral of a capability-the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Id.* at 356. Moreover, the right of access to courts

is only a right to bring complaints to federal court and not a right to discover

grievances or to litigate effectively once in court.  *Id.* at 354-55.

### Legal Mail

The Supreme Court has recognized that prisoners have protected First

Amendment interests in both sending and receiving mail. *Thornburgh v. Abbott,*

490 U.S. 401 (1989); *Turner v. Safley*, 482 U.S. 78 (1987).  A temporary delay in

delivery of mail does not violate First Amendment rights.  *Crofton v. Roe*, 170 F.3d

957, 961 (9th Cir. 1999).

## FACTUAL ALLEGATIONS

For purposes of this review, the allegations in the Complaint are presumed to

be true so long as they have some factual support.  Unsupported legal conclusions

are disregarded.

On November 4, 2013, Defendant Pasha conducted a pat-down search of Mr.

Bearchild.  During the search, Sgt. Pasha fondled Mr. Bearchild's penis and

testicles for approximately five minutes.  (Complaint, Doc. 2 at 9.)  Mr. Bearchild

alleges Sgt. Johnson and Officer Shashlinge were also present and laughed at Mr.

Bearchild.  (Complaint, Doc. 2 at 10.)

After this incident, Mr. Bearchild submitted an informal grievance on

November 14, 2013, complaining about Sgt. Pasha's conduct.  Kristy Cobban

refused to process the informal grievance because the action requested was not allowed per policy and Mr. Bearchild had attached three continuation forms when he was only allowed one. (Informal, Doc. 3-1 at 2.)

Mr. Bearchild alleges that Unit Manager Jovanovich failed to protect Mr. Bearchild from the sexual assault by Sgt. Pasha. He alleges Defendant Jovanovich was aware of other inmate complaints against Pasha for sexual assault and sexual misconduct, and he still allowed Sgt. Pasha to work in his unit. He also alleges that Defendant Jovanovich failed to supervise Sgt. Pasha to ensure that no sexual conduct occurred. (Complaint, Doc. 2 at 12.) Mr. Bearchild also alleges that Defendant Jovanovich refused to contact the Powell County Sheriff so that Mr. Bearchild could file a complaint.

Mr. Bearchild alleges Lt. Tom Blaz stated he conducted the PREA[1] Investigation and found no merit to Mr. Bearchild's complaint. Mr. Bearchild alleges Lt. Blaz knew that there were sexual assaults occurring on a regular basis at Montana State Prison during pat downs but did nothing. (Complaint, Doc. 2 at 14.)

In the Supplemental Complaint, Mr. Bearchild alleges that on July 7, 2014,

---

[1]Although not defined in the Complaint, the Court assumes Mr. Bearchild is referring to the Prison Rape Elimination Act, 42 U.S.C. § 15601, et seq.

after he filed his complaint in this action, Sgt. Dan Johnson had two inmates throw marble size rocks at him, hitting him in the head and back. (Supplemental Complaint, Doc. 7-1 at 2.)

He also alleges that on May 28, 2014, he was denied access to breakfast because Officer Johnson refused to open his cell door. He requested a sack lunch meal from Officer Bruno, but Officer Bruno threatened to write him up. On that date, Mr. Bearchild's cellmate received a sack meal, but he did not. He alleges Sgt. MacDonald is the sergeant in charge of the unit, knew about the denial of food, and did not attempt to stop or prevent it. He also alleges Sgt. MacDonald failed to properly train and supervise the officers below him. (Supplemental Complaint, Doc. 7-1 at 4-5.)

Mr. Bearchild also alleges Defendants are hindering, delaying and holding up his legal mail to the courts. (Supplemental Complaint, Doc. 7-1 at 5-6.)

## ANALYSIS

**Eighth Amendment**

### Pat-Down Search

While Mr. Bearchild has not alleged significant injury from the pat down search incident, "[t]he 'core judicial inquiry,' . . . [is] not whether a certain quantum of injury was sustained, but rather 'whether force was applied in a

good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Wilkins*, 559 U.S. at 39 (citing *Hudson*, 503 U.S. at 7).

Mr. Bearchild's allegations are sufficient to require a response from Defendant Pasha. Well-established law indicates that an officer cannot assert qualified immunity after grabbing a suspect's testicles during a routine pat-down search or frisk. *See Price v. Kramer*, 200 F.3d 1237, 1249 (9th Cir. 2000).

Defendant Jovanovich and Lt. Blaz will also be required to respond to this claim. Although these Defendants may not have been present at the time of the search, Mr. Bearchild seeks to hold them liable under a theory of supervisory liability, arguing that they were aware of prior complaints of Defendant Pasha sexually assaulting inmates. Supervisors need not be "directly and personally involved in the same way as are the individual officers who are on the scene inflicting constitutional injury." *Larez v. City of Los Angeles*, 946 F.2d 630 (9th Cir. 1991). But a "supervisor's participation could include his 'own culpable action or inaction in the training, supervision, or control of his subordinates,' 'his acquiescence in the constitutional deprivations of which the complaint is made,' or 'conduct that showed a reckless or callous indifference to the rights of others.'" *Starr v. Baca*, 652 F.3d 1202, 1205-06 (9th Cir. 2011) (*citing Larez*, 946 F.2d at 646); *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (supervisor may

be held liable if they "knew of the violations and failed to act to prevent them.").

Mr. Bearchild claims Defendants Johnson and Shashlinge were present during the pat-down search.  (Complaint, Doc. 2 at 10.)  To the extent Mr. Bearchild is attempting to present a failure to intervene claim, his allegations fail. A prison official's failure to intervene to prevent a constitutional violation may form the basis for liability under 42. U.S.C. § 1983.  *See Robins v. Meecham*, 60 F.3d 1436, 1442 (9th Cir. 1995).  However, in order to state an Eighth Amendment claim against a correctional officer bystander, a plaintiff must allege circumstances demonstrating that the officer had an opportunity to intervene and prevent or curtail the violation, but failed to do so.  *Id.*  Mr. Bearchild makes no allegation that either of these officers had the opportunity or ability to prevent any inappropriate actions by Defendant Pasha.  These allegations should be dismissed.

Mr. Bearchild also alleges Defendants Johnson and Shashlinge laughed at him during the incident.  Mere verbal harassment or abuse is not sufficient to state a constitutional deprivation under 42 U.S.C.1983.  *Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir. 1987).  These allegations should also be dismissed.

**First Amendment**

**Inmate Assault**

In the Supplemental Complaint, Mr. Bearchild alleges Defendant Johnson

had other inmates assault him by throwing rocks at him in retaliation for filing this lawsuit. This is sufficient to state a retaliation claim. *Valandingham v. Bojorques*, 866 F.2d 1135, 1138-39 (9th Cir. 1989) (inciting violence against an inmate because of law-related activities can violate the First Amendment). Defendant Johnson will be required to respond to these allegations.

**Retaliation**

In the Supplemental Complaint, Mr. Bearchild alleges Defendants Johnson, Bruno, and MacDonald denied him meals in retaliation for filing this lawsuit. Mr. Bearchild's allegation that he was deprived of two meals constitutes, at most, minimal harm. Though the loss of even one meal could, as alleged, cause some stomach symptoms, such minimal and short-lived events do not constitute the sort of adverse action required under the law for a retaliation claim.[2] This claim should

---

[2]*See Burgos v. Canino*, 641 F.Supp.2d 443, 454-56 (E.D. Penn. 2009) (urinalysis, harassment, threats, temporary inconveniences, and denial of recreation did not rise to level of adverse action against prisoner); *Walker v. Bowersox*, 526 F.3d 1186, 1190 (8th Cir. 2008) ("the two incidents when Knarr directed others to give Walker an alternative meal, although purportedly retaliatory, were not sufficiently severe to amount to a constitutional violation"); *Morris v. Powell*, 449 F.3d 682, 685–86 (5th Cir. 2006) (prisoner's retaliatory job reassignment from the commissary to the kitchen for one week, with one day spent in the unpleasant pot room, was not sufficiently adverse to satisfy adverse action requirement because acts that cause only a "few days of discomfort," impose "a minor sanction," or an otherwise constitutional restriction on inmate are not sufficiently adverse); *Ingram v. Jewell*, 94 Fed. App'x 271, 273 (6th Cir. 2004) (neither loss of an extension cord, the cost of the cord, nor 14 days of lost privileges constitutes adverse action

be dismissed.

**Grievances**

Mr. Bearchild's claims against Defendants Blaz and Cobban for failing to respond adequately to his grievances fail to state a claim and should be dismissed. *See Ramirez*, 334 F.3d 860 (inmates do not have a separate constitutional entitlement to a specific grievance procedure).

To the extent Mr. Bearchild alleges that Defendant Cobban's failure to process his grievances denied him access to the courts, his allegations also fail to state a claim. Mr. Bearchild has not alleged an actual injury as a result of Defendant Cobban's actions. Whether or not Mr. Bearchild adequately exhausted

---

that would deter a prisoner of ordinary firmness from filing grievances); *Gill v. Tuttle*, 93 Fed. App'x 301, 303–04 (2d Cir. 2004) (to establish retaliation claim, inmate must allege adverse action that imposes a substantial impact on inmate); *Smith v. Yarrow*, 78 Fed. App'x 529, 541 (6th Cir. 2003) (a job transfer alone does not constitute an adverse action; alleged refusal to photocopy plaintiff's documents was *de minimis*); *Apanovitch v. Wilkinson*, 32 Fed. App'x 704, 706–07 (6th Cir. 2002) (where "actions that the defendants allegedly took in response to the lawsuit may have made life more unpleasant for [plaintiffs, t]hey were not, however, so different from other inmates' conditions of confinement as to ... act as a deterrent against filing lawsuits"); *Jones v. Greninger*, 188 F.3d 322, 325–26 (5th Cir. 1999) (claim that inmate was restricted to five hours per week in law library in retaliation for filing grievances failed because the alleged adverse acts did not rise to level of constitutional claim); *Thaddeus–X v. Blatter*, 175 F.3d 378, 398 (6th Cir. 1999) ("Prisoners may be required to tolerate more than public employees, who may be required to tolerate more than average citizens, before an action taken against them is considered adverse").

his claims may be the issue of a future motion but it has not denied him access to the courts. This claim should be dismissed.

**Legal Mail**

Mr. Bearchild makes a vague allegation that Defendants have placed a "barrier and burden" on his mail privileges and are hindering, delaying, and holding up his legal mail to the courts. (Supplemental Complaint, Doc. 7-1 at 5-6.) This general and conclusory allegation is insufficient to state a claim for relief. Moreover, a review of the exhibits to the Supplemental Complaint suggests that Mr. Bearchild's legal mail may have been denied by at most four days. A temporary delay in delivery of mail does not violate First Amendment rights. *Crofton v. Roe*, 170 F.3d 957, 961 (9th Cir. 1999). This claim should be dismissed.

**CONCLUSION**

Mr. Bearchild's claims of excessive use of force and retaliation will be served upon Defendants Pasha, Jovanovich, Blaz, Johnson, Bruno, and MacDonald. Mr. Bearchild's allegations regarding the grievance process, verbal harassment, the denial of two meals, access to the courts, and the delay of his legal mail fail to state a claim upon which relief may be granted. These are not defects which could be cured by the allegation of additional facts. These claims should be

dismissed, and Defendants Cobban, Shashlinge, and Deyott should be dismissed.

It is **ORDERED**:

1. Mr. Bearchild's Motion for Leave to File a Supplemental Complaint (Doc. 7) is GRANTED. The Clerk of Court is directed to file the Supplemental Complaint (Doc. 7-1) and add Defendants Correctional Officer Bruno, Sgt. MacDonald, and Denise Deyott to the docket.

2. Pursuant to Fed.R.Civ.P. 4(d), Defendants Pasha, Jovanovich, Blaz, Johnson, Bruno, and MacDonald are asked to waive service of summons by executing, or having counsel execute, the Waiver of Service of Summons. The Waiver must be returned to the Court within **thirty (30) days of the entry date reflected on the Notice of Electronic Filing**. If Defendants choose to return the Waiver of Service of Summons, the answer or appropriate motion will be due within <u>sixty (60) days after the entry date of this Order</u> as reflected on the Notice of Electronic Filing, pursuant to Fed.R.Civ.P. 12(a)(1)(B).

2. The Clerk of Court shall forward the documents listed below to:

Legal Counsel for the
Montana Department of Corrections
P.O. Box 201301
Helena, MT 59620-1301

    * Complaint and supporting brief (Doc. 2, 3);
    * Motion for Leave to File a Supplemental Complaint and supporting

brief (Doc. 7, 8);
*      this Order;
*      a Notice of Lawsuit & Request to Waive Service of Summons; and
*      a Waiver of Service of Summons.

3. Any party's request that the Court grant relief, make a ruling, or take an action of any kind must be made in the form of a motion, with an appropriate caption designating the name of the motion, and served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10, and 11. If a party wishes to give the Court information, such information must be presented in the form of a notice. The Court will not consider requests made or information presented in letter form.

4. Pursuant to Fed.R.Civ.P. 5(a), all documents presented for the Court's consideration must be simultaneously served by first-class mail upon the opposing party or their counsel if the party is represented. Each party shall sign and attach a proper certificate of service to each document filed with the Court. The Certificate of Service must state the date on which the document was deposited in the mail and the name and address of the person to whom the document was sent. The sender must sign the certificate of service.

5. Mr. Bearchild <u>shall not</u> make any motion for default until at least seventy (70) days after the date of this Order.

6. At all times during the pendency of this action, Mr. Bearchild must immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

It is **RECOMMENDED:**

1. Mr. Bearchild's allegations regarding the grievance process, verbal harassment, the denial of two meals, access to the courts, and the delay of his legal mail should be DISMISSED.

2. Defendants Cobban, Shashlinge, and Deyott should be DISMISSED.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Bearchild may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[3] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed

---

[3]As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

until entry of the District Court's final judgment.

DATED this 19th day of November, 2014.


    */s/ Keith Strong*
Keith Strong
United States Magistrate Judge

## NOTICE OF LAWSUIT AND REQUEST FOR
## WAIVER OF SERVICE OF SUMMONS

TO:  Legal Counsel for the Montana Department of Corrections
P.O. Box 201301
Helena, MT 59620-1301

A lawsuit has been commenced by a pro se plaintiff against Sgt. Pasha, Sam Jovanovich, Lt. Tom Blaz, C/O Johnson, C/O Bruno, and Sgt. MacDonald.  A copy the Complaint is attached to this notice.  It has been filed in the United States District Court for the District of Montana, Civil Action No. CV-14-12-H-DLC-RKS.  The Court has completed its pre-screening and concludes these Defendants must file a responsive pleading.  *See* 42 U.S.C. § 1997e(c), (g)(2); 28 U.S.C. §§ 1915(e)(2), 1915A(a), (b).

This is not a formal summons or notification from the Court, but rather a request that you sign and file the enclosed waiver of service in order to save the cost of service by the U.S. Marshal's Service.  The cost of service will be avoided if you file the signed Waiver of Service of Summons within 30 days of the date the Order directing this Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

If you comply with this request and return the waiver to the Court, it will be filed with the Court and no summons will be served.  The action will then proceed as if you had been served on the date the waiver is filed, except you must file an answer or appropriate motion within 60 days of the date the Order directing this Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.

If you do not wish to waive service on behalf of Defendants, please indicate this on the Waiver of Service of Summons form.  The Court will, in turn, order the U.S. Marshal's Service to serve the complaint personally on Defendants and may impose the full costs of such service.


   */s/ Keith Strong*_____
Keith Strong
United States Magistrate Judge

# WAIVER OF SERVICE OF SUMMONS

TO:    The U.S. District Court for the District of Montana

     The following Defendants acknowledge receipt of your request to waive service of summons in the following action: <u>Bearchild v. Cobban, et al.</u>, Civil Action No. CV-14-12-H-DLC-RKS, filed in the United States District Court for the District of Montana.  Defendants also received a copy of the Complaint.  I am authorized by the following Defendants to agree to save the cost of service of a summons and an additional copy of the Complaint in this action by not requiring that the following individuals be served with judicial process in the case provided by Fed.R.Civ.P. 4:

_____; _____;

_____; _____;

_____; _____;

     The above-named Defendants retain all defenses or objections to the lawsuits or to the jurisdiction or venue of the Court except for objections based on a defect in the summons or in the service of the summons.  I understand judgments may be entered against the above-named Defendants if an answer or motion under Fed.R.Civ.P. 12 is not served within 60 days after the date the Order directing the Notice of Lawsuit and Request for Waiver of Service of Summons to be sent was entered as indicated on the Notice of Electronic Filing.


_____      _____

DATE                              SIGNATURE

                                         _____

                                         PRINTED/TYPED NAME

                                         _____

                                         _____

                                         ADDRESS