IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| DEWAYNE BEARCHILD,<br><br>Plaintiff,<br><br>vs.<br><br>KRISTY COBBAN, SGT. PASHA, SAM JOVANOVICH, TOM BLAZ, DAN JOHNSON and C/O SHASHLINGE,<br><br>Defendants. | CV 14-12-H-DLC-JTJ<br><br>ORDER |

United States Magistrate Judge Keith Strong[1] entered his order, findings, and recommendations in this case on November 19, 2014, recommending that several of Plaintiff Bearchild's claims against Defendants, Montana State Prison officials, be dismissed for failing to state a claim upon which relief may be granted. Judge Strong also ordered that Bearchild's amended complaint be filed and that his claims of excessive use of force and retaliation for reporting the incident be served upon the applicable Defendants. Bearchild timely objected to the findings and recommendations on these issues, and so is entitled to *de novo*

---

1. This case was reassigned to United States Magistrate Judge John T. Johnston on January 6, 2015. (Doc. 13.)

-1-

review of the record. 28 U.S.C. § 636(b)(1). The portions of the findings and recommendation not specifically objected to will be reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.,* 656 F.2d 1309, 1313 (9th Cir. 1981). "Where a [party's] objections constitute perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [pleading], the applicable portions of the findings and recommendations will be reviewed for clear error." *Rosling v. Kirkegard,* 2014 WL 693315 *3 (D. Mont. Feb. 21, 2014) (citations omitted). The Court adopts Judge Strong's findings and recommendations in part.

Judge Strong found that Bearchild failed to state a claim as to his allegations regarding: (1) the failure of prison officials to intervene in the assault at the heart of this action, (2) verbal harassment by prison officials, (3) the denial of two meals, (4) the prison grievance process and access to the courts, and (5) delay of his legal mail. As to the first allegation, Judge Strong found that Bearchild failed to plead that Defendants Johnson and Shashlinge had the opportunity to intervene in the alleged assault by Defendant Pasha, and so failed to state a claim. As to the second allegation, Judge Strong found the fact that Defendants Johnson and Shashlinge may have laughed in response to Defendant Pasha's conduct does not in itself rise to the level of a constitutional violation.

Likewise with the alleged denial of two meals in Bearchild's third allegation – Judge Strong found that such action on the part of prison officials simply is not enough to support a claim of adverse action against a prisoner. As to the fourth allegation, Judge Strong found that Bearchild neither is constitutionally entitled to a particular grievance process, nor sufficiently pled that the lack of such process constituted an injurious denial of access to the courts. Finally, Judge Strong found that Bearchild's fifth allegation – that Defendants have somehow interfered with his mailings to the courts – is simply too vague and conclusory to survive dismissal.

Bearchild focuses on his retaliation and mail interference claims in his objections. He indicates that "his issue pertaining to the grievance process in his complaint pertains to punishment for his use of the grievance system at Montana State Prison." (Doc. 11 at 2-3.) Bearchild claims that Defendants Blaz, Cobban, and Jovanovich wrongfully threatened and/or carried out retaliatory actions against him, in the form of denial of meals and disciplinary write-ups, for filing a grievance which violated Defendants' so-called "disrespect regulations." Bearchild filed several affidavits wherein fellow inmates attest to witnessing these actions or overhearing these threats. (*See* Doc. 11-1.)

"Within the prison context, a viable claim of First Amendment retaliation

entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-568 (9th Cir. 2004). Actions or threats related to confinement, transfer, loss of privileges, or shaming before other prison inmates generally meet this test. *Id.* at 568.

Bearchild's objections and accompanying affidavits, taken as true, contour a retaliation claim relative to his use of the grievance process at Montana State Prison. Bearchild asserts that Defendants denied him meals and threatened him because he utilized the prison grievance system, that those actions affected his filing of grievances, and, reading his objections and the affidavits liberally, that the actions were punitive in nature and not related to any reasonable penological purpose. Judge Strong made his recommendation that the claim be dismissed without the benefit of the information contained in the objections and affidavits, and so the recommendation must be rejected. The Court finds that Bearchild's grievance process-based retaliation claim should proceed against Defendants.

As to his mail interference claim, Bearchild contends in his objections, as do the affiants attesting on his behalf, that prison officials delayed his receipt of

certain pieces of his legal mail. (Doc. 11 at 8; Doc. 11-1 at 4-5). Bearchild submitted an exhibit depicting the envelopes, from this Court, that prison officials allegedly withheld. (Doc. 11-2.).

"[A] temporary delay in the delivery of [an inmate's mail], resulting from [a] prison official's security inspection, does not violate . . . First Amendment rights . . . [and] is reasonably related to the prison's interest in inspecting mail for contraband." *Crofton v. Roe*, 170 F.3d 957, 961 (9th Cir. 1999) (citations omitted). Furthermore, "[m]ail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail," and therefore is not protected from screening by prison officials. *Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996).

Bearchild's allegations do not rise to the level of a First Amendment violation, given that he alleges only a delay in receipt of mail that is not protected as legal mail in the first instance. The Court thus adopts Judge Strong's recommendation that Bearchild's mail interference claim be dismissed.

There being no clear error in Judge Strong's remaining findings and recommendations,

IT IS ORDERED that Judge Strong's findings and recommendations (Doc. 9) are ADOPTED IN PART. Bearchild's retaliation claim, to the extent it alleges denial of meals and disciplinary threats as retaliation for utilizing the

prison grievance process, shall proceed. Should Defendants find it necessary to amend their pleading in light of this claim, Defendants are granted fourteen (14) days from the date of this order to do so.

IT IS FURTHER ORDERED that all other allegations regarding the verbal harassment, access to the courts, and delay of legal mail, as described in his Complaint (Doc. 2), are DISMISSED.

IT IS FURTHER ORDERED that Defendant Shashlinge is DISMISSED from this action.

DATED this 26th day of January, 2015.

/s/ Dana L. Christensen
Dana L. Christensen, Chief Judge
United States District Court