FILED
OCT 23 2015
Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| DEWAYNE BEARCHILD,<br><br>Plaintiff,<br><br>vs.<br><br>KRISTY COBBAN, SGT. PASHA, SAM JOVANOVICH, TOM BLAZ, DAN JOHNSON and C/O SHASHLINGE,<br><br>Defendants. | CV 14-00012-H-DLC-JTJ<br><br><br>ORDER |

Plaintiff Dewayne Bearchild is a prisoner proceeding in forma pauperis and without counsel. He has filed three motions: (1) a "Motion for Temporary Restraining Order and Preliminary Injunction" (Doc. 39); (2) a "Request to Allow to be Excused, for Lack of Adequate Copies of Affidavits, due to Lack of Funds to Make Copies and Request for Immediate Help from this Court" (Doc. 41); and (3) a "Request to the Court that he should not be required to post security in regard to his motion for a TRO and preliminary injunction against Defendants" (Doc. 42).

The Motion for Temporary Restraining Order and Preliminary Injunction will be denied, the Motion to be Excused from Servicing Copies of Affidavits will be granted but the Request for Immediate Help will be denied. The Motion to not

1

be Required to Post Security will be denied as moot.

## I. Motion for TRO and Preliminary Injunction

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24 (2008) (citations omitted). It serves not as a preliminary adjudication on the merits, but as a tool to preserve the status quo and prevent irreparable loss of rights before judgment. *Textile Unlimited, Inc. v. A.. BMH & Co., Inc.*, 240 F.3d 781, 786 (9th Cir. 2001). In reviewing a motion for preliminary injunction, "courts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter*, 555 U.S. at 24 (citations and internal quotation marks omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 555 U.S. at 20 (citations omitted). A temporary restraining order, in turn, "is designed to preserve the status quo until there is an opportunity to hold a hearing on the application for a preliminary injunction." 11A Charles Alan Wright et al., Federal Practice and Procedure § 2951 (3d ed. West 2005).

*Winter* does not expressly prohibit use of a "sliding scale approach to

preliminary injunctions" whereby "the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Alliance/or the Wild Rockies* v. *Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). The Ninth Circuit recognizes one such "approach under which a preliminary injunction could issue where the likelihood of success is such that serious questions going to the merits were raised and the balance of hardships tips sharply in plaintiff's favor." *Id.* (citations and internal quotation marks omitted).

Nevertheless, a preliminary injunction "should not be granted unless the movant, *by a clear showing,* carries the burden of persuasion." *Lopez* v. *Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (citations omitted, emphasis in original). A request for a mandatory injunction seeking relief well beyond the status quo is disfavored and shall not be granted unless the facts and law clearly favor the moving party. *Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1319–20 (9th Cir. 1994).

Mr. Bearchild seeks an order prohibiting Defendants from (1) giving his mail to other inmates; (2) confiscating his legal documents and mail; (3) interfering with his access to his job by not opening up his cell door when he is called out to work; (4) retaliating against him in any way; and (5) requiring Defendant Pasha to stay away from Mr. Bearchild. (Doc. 39.) He contends these

3

actions are being done because he filed and is litigating this lawsuit.

Although Mr. Bearchild has produced evidence that his mail may have been delivered to other inmates and/or that he may have missed a day of work because his cell door was not opened, he does not connect those acts with a particular defendant named in this action and he does not establish that such actions were done in retaliation for his activities in this lawsuit. Further, he does not explain when or who may have confiscated his legal documents. While he has presented evidence that Defendant Pasha may have been looking at him in the dining hall, there is no evidence that Defendant Pasha is in regular contact with Mr. Bearchild and Mr. Bearchild no longer works at the dining hall.

Mr. Bearchild has not met his burden of demonstrating that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. The motion for preliminary injunction will be denied.

## II. Request to Excuse Lack of Adequate Copies

Mr. Bearchild represents that he did not have sufficient funds to provide copies of the affidavits filed in support of his motion for a preliminary injunction and TRO to counsel for Defendants. His motion will be granted to the extent it

pertains to copies of documents filed with the Court.

The motion also contains language which could be construed as an additional request for a preliminary injunction against Defendant Pasha. That request has been addressed above and will be denied.

**III. Request to Not Post Security**

In light of the Court's denial of Mr. Bearchild's motion for preliminary injunction and TRO, his request to not be required to post security will be denied as moot.

Based upon the foregoing, the Court issues the following:

**ORDER**

1. Mr. Bearchild's "Motion for a Temporary Restraining Order and a Preliminary Injunction" (Doc. 39) is denied.

2. Mr. Bearchild's "Request to Allow to be Excused for Lack of Adequate Copies of Affidavits, due to Lack of Funds to Make Copies" (Doc. 41) is granted. **Unless Defendants object within seven (7) days of the date of this Order**, Mr. Bearchild need not serve on Defendants' counsel the materials he files with this Court because Defendants' counsel will be served via the electronic filing system. Mr. Bearchild will, however, be required to serve all discovery requests and other documents not filed with the Court upon counsel by first-class mail. Defendants

must, however, serve on Mr. Bearchild a complete copy of everything it submits to the Court.

3. Mr. Bearchild's "Request for Immediate Help from this Court" (Doc. 41) is denied.

4. Mr. Bearchild's "Request to the Court that he should not be required to post security in regard to his motion for a TRO and preliminary injunction against Defendants" (Doc. 42) is denied as moot.

5. At all times during the pendency of this action, Mr. Bearchild must immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

DATED this 23rd day of October, 2015.

Dana L. Christensen, Chief Judge
United States District Court