IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| DEWAYNE BEARCHILD,<br><br>Plaintiff,<br><br>vs.<br><br>KRISTY COBBAN, SGT. PASHA, SAM JOVANOVICH, TOM BLAZ, DAN JOHNSON and C/O SHASHLINGE,<br><br>Defendants. | CV 14-00012-H-DLC-JTJ<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Dewayne Bearchild is a prisoner proceeding in forma pauperis and without counsel. Pending are: (1) Mr. Bearchild's "Motion for Defendants to comply with discovery in a proper manner and not send duplicate discovery documents to cover the fact that duplicate discovery does not mean defendants have complied with discovery" (Doc. 48); (2) Mr. Bearchild's "Motion for Temporary Restraining Order and Preliminary Injunction" (Doc. 49); (3) Defendants' Motion for Protective Order (Doc. 55); and (4) Mr. Bearchild's Rebuttal to Defendants' Third Supplemental Response as construed as a motion to

1

compel (Doc. 63).

The parties' pending motions currently consist of nearly 200 pages on issues that have been repeatedly raised by both parties and that have already been ruled upon by this Court. The Court will deny Mr. Bearchild's motions to compel and will grant to a limited extent Defendants' motion for protective order. The Court will issue a schedule for the parties to file dispositive motions only. The Court will not consider any further discovery motions or motions for injunctive relief. Mr. Bearchild's Motion for Temporary Restraining Order and Preliminary Injunction should be denied.

**I. Motion to Comply (Doc. 48)**

Mr. Bearchild filed a motion to make Defendants comply with discovery. He argues Defendants sent him duplicate discovery instead of the discovery he requested.

Mr. Bearchild's motion fails to comply with Local Rule 26.3(c)(2)(C), which requires that a party filing any motion to compel attach as an exhibit the full text of the discovery sought and the full text of the response. Although Mr. Bearchild contends he has not received the discovery he requested, he has not clarified what discovery is sought or how defendants have responded. As such, the motion will be denied.

**II. Motion for Temporary Restraining Order and Preliminary Injunction**

This is Mr. Bearchild's second motion for a temporary restraining order and a preliminary injunction on basically the same issues. His first motion was filed on October 8, 2015. (Doc. 39) The Court denied that motion on October 23, 2015. (Doc. 47.) Unsatisfied with that Order, Mr. Bearchild filed the current motion on November 2, 2015. (Doc. 49.) The standard for issuing a temporary restraining order and a preliminary injunction was set out in the Court's October 23, 2015 Order as follows: "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter* v. *Natural Resources Defense Council, Inc.,* 555 U.S. 7, 20 (2008). Mr. Bearchild has not met this burden.

Mr. Bearchild has again alleged that his mail has been interfered with and Defendants and other employees of Montana State Prison retaliated against him for bringing this lawsuit. Mr. Bearchild's first motion for injunctive relief was denied because he did not connect the actions at issue with a particular defendant and he did not establish that such actions were done in retaliation for his activities in this lawsuit. The same is true of this motion. The Court is not persuaded by Mr. Bearchild's and his cellmate's affidavits, stating they overheard correctional

officers admit to the destruction of Mr. Bearchild's mail at the request of Defendant Pasha. Such evidence is insufficient grounds upon which to issue an injunction in this matter. *See Lopez* v. *Brewer,* 680 F.3d 1068, 1072 (9th Cir. 2012) (a preliminary injunction "should not be granted unless the movant, *by a clear showing,* carries the burden of persuasion").

In addition, the Court does not have jurisdiction over individuals who are not defendants in this action, and it will not issue a restraining order against any such individuals. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 112 (1969); *Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").

Lastly, Mr. Bearchild has accused Defendant Pasha of stalking him indicating that Defendant Pasha has been in his vicinity in the "chow hall" and on his unit, and was starring in his cell window. The Court will not enjoin Defendant Pasha from looking at Mr. Bearchild and will not restrict Defendant Pasha's access within the prison. The Court will not interfere with day-to-day prison administrative decisions, especially the assignments of prison employees. *See Bell v. Wolfish*, 441 U.S. 520, 562 (1979); *Wright v. Rushen*, 642 F.2d 1129, 1132 (9th

Cir. 1981) (federal courts should avoid enmeshing themselves in the minutiae of prison operations in the name of the Eighth Amendment).

Mr. Bearchild has not met his burden of demonstrating that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, or that an injunction is in the public interest. The motion for temporary restraining order and preliminary injunction should be denied.

### III.  Motion to Protective Order

At issue in Defendants' motion for protective order are the documents this Court first ordered Defendants to produce in its September 3, 2015 Order granting in part Mr. Bearchild's motion to compel. (Doc. 34.) Unsatisfied with that Order, Defendants filed a motion for leave to file a motion for reconsideration arguing that they had relied solely on Mr. Bearchild's failure to meet and confer when they responded to the motion to compel and therefore did not present argument on the merits of the motion. (Doc. 35.) The Court denied the motion for leave to file the motion for reconsideration on October 16, 2015. (Doc. 44.) Unsatisfied with that Order, Defendants continued to refuse to comply with the Court's September 3, 2015 Order, waited a month, and then filed the pending motion for protective order. They now seek to protect nearly 400 pages of inmate grievances specifically

referred for investigation under Montana Department of Corrections Policy 1.1.17, *Prison Rape Elimination Act of 2003 (PREA)*, related or follow-up grievances, the investigative reports and materials generated during investigation, including witness interviews, and the memorandums of the findings of each investigation. (Motion for Protective Order, Doc. 56 at 5-6.)

Defendants shall be required to produce the documents at issue, to the Court, in camera.

**IV. Motion to Compel**

Most recently, Mr. Bearchild filed a "Rebuttal to Defendants' Third Supplemental Responses to Plaintiff's First Request for Production of Discovery Documents." (Doc. 63.) To the extent this filing could be construed as a motion to compel, it will be denied. There is no certification in the motion that Mr. Bearchild has met and conferred with Defendants regarding this motion as required by Fed. R. Civ. P. 37(a)(1) ("The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."); D. Mont. L.R. 7.1(c)(1) ("The text of the motion must state that other parties have been contacted and state whether any party objects to the motion."); and D. Mont. L.R. 26.3(c) ("The Court will deny any discovery motion unless the parties have

conferred concerning all disputed issues before the motion is filed."). In addition, Mr. Bearchild's motion fails to comply with Local Rule 26.3(c)(2)(C), which requires that a party filing any motion to compel attach as an exhibit the full text of the discovery sought and the full text of the response. Although Mr. Bearchild contends he has not received the discovery he requested, he has not clarified what discovery is sought or how defendants have responded. The motion will be denied.

Defendants need not respond to any future motions to compel that do not comply with these rules.

Based upon the foregoing, the Court issues the following:

**ORDER**

1. Mr. Bearchild's "Motion for Defendants to comply with discovery in a proper manner and not send duplicate discovery documents to cover the fact that duplicate discovery does not mean defendants have complied with discovery" (Doc. 48) is **DENIED**.

2. Defendants' Motion for Protective Order (Doc. 55) is **GRANTED**. On or before December 23, 2015, Defendants shall file in camera all documents ordered to be produced by the Court's September 3, 2015 Order (Doc. 34) but not yet produced to Mr. Bearchild.

3. Mr. Bearchild's Rebuttal to Defendants' Third Supplemental Response as

construed as a motion to compel (Doc. 63) is **DENIED**.

4. All pretrial motions with supporting briefs shall be filed and served on or before January 8, 2016. Briefing shall be in accordance with Rule 7 of the Local Rules of the United States District Court for the District of Montana. Rule 7 provides that responses to motions to dismiss, for judgment on the pleadings, or for summary judgment must be filed within 21 days after the motion was filed, and responses to all other motions must be filed within 14 days after the motion was filed. L.R. 7.1(d)(1).

With the service copy of each motion, Defendants must provide Mr. Bearchild with a copy of the Court's Notice of Electronic Filing so Mr. Bearchild is aware of the actual filing date for each motion. Mr. Bearchild will be allowed an additional three days for mailing to be counted after the time period expires to file his response.

5. If no dispositive motions are filed on or before the motions deadline, defense counsel must assume responsibility for convening a conference of all parties for the purpose of preparing a Proposed Final Pretrial Order. Counsel shall ensure that all tasks are accomplished as set forth in the Attachment to the Court's January 21, 2015 Scheduling Order (Doc. 18) on or before January 22, 2016. A Final Pretrial Conference and trial date will then be set by further Order of the

Court.

6. At all times during the pendency of this action, Mr. Bearchild must immediately advise the Court and opposing counsel of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

Further, the Court issues the following:

**RECOMMENDATIONS**

Mr. Bearchild's "Motion for Temporary Restraining Order and Preliminary Injunction" (Doc. 49) should be **DENIED**.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of

---

[1] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a) should not be filed until entry of the District Court's final judgment.

DATED this 16th day of December, 2015.

*/s/ John Johnston*
John Johnston
United States Magistrate Judge