

FILED

FEB 2 5 2016

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| DEWAYNE BEARCHILD,<br><br>Plaintiff,<br><br>vs.<br><br>KRISTY COBBAN, SGT. PASHA, SAM JOVANOVICH, TOM BLAZ, DAN JOHNSON and C/O SHASHLINGE,<br><br>Defendants. | CV 14–12–H–DLC–JTJ<br><br>ORDER |

In an order, findings, and recommendations dated December 16, 2015, United States Magistrate Judge John T. Johnston: (1) denied Plaintiff Dewayne Bearchild's ("Bearchild") motion for Defendants to comply with discovery; (2) granted Defendants' motion for protective order; (3) denied Bearchild's rebuttal to Defendants' discovery responses, which Judge Johnston construed as a motion to compel; and (4) recommended that Bearchild's most recent motion for temporary restraining order ("TRO") and preliminary injunction be denied. On January 4, 2016, Bearchild timely filed objections to Judge Johnston's order, findings, and recommendations, and so is entitled to de novo review of those findings and recommendations to which he specifically objects. 28 U.S.C. § 636(b)(1)(C).

-1-

This Court reviews for clear error those findings and recommendations to which no party objects, *see McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.,* 656 F.2d 1309, 1313 (9th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140, 149 (1985), as well as any orders within Judge Johnston's statutory jurisdiction, pursuant to 28 U.S.C. § 636(b)(1)(A). "Clear error exists if the Court is left with a definite and firm conviction that a mistake has been committed." *United States v. Syrax,* 235 F.3d 422, 427 (9th Cir. 2000). For the reasons explained below, the Court adopts Judge Johnston's findings and recommendations in full, and declines to reconsider any of his orders on pretrial motions.

Through numerous rounds of motions and orders, this case has been whittled down to the issue of whether Defendants have retaliated, in various alleged forms, against Bearchild for his use of the prison grievance system. Most recently, on October 23, 2015, the undersigned denied Bearchild's first motion for TRO and preliminary injunction, holding that the evidence Bearchild has produced thus far fails to tilt the Court's preliminary injunction analysis, *see Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 24 (2008), in his favor.

In his December 16, 2015 findings and recommendations, Judge Johnston came to the same conclusion with regard to Bearchild's second motion for TRO and preliminary injunction, finding that Bearchild "did not connect the [alleged]

actions at issue with a particular defendant and [] did not establish that such actions were done in retaliation for his activities in this lawsuit." (Doc. 66 at 3.) Furthermore, Judge Johnston found that: (1) the affidavits Bearchild submitted in support of the TRO and preliminary injunction were insufficient to support granting preventive relief, and (2) the Court lacked jurisdiction over the unnamed individuals Bearchild seeks to enjoin. As to his orders on pretrial matters, Judge Johnston found that Bearchild violated the Court's Local Rules with regard to his motions, and denied the motions accordingly.

Bearchild appears to object to Judge Johnston's order on his motion to comply and Judge Johnston's recommendation that the motion for TRO and preliminary injunction be denied. As to the first objection, Bearchild fails to cure the deficiencies identified by Judge Johnston as the basis for denying the motion to comply – he does not include his own discovery requests and Defendants' responses thereto. Bearchild contends that he cannot be expected to clarify or define the nature of the discovery he seeks when Defendants "will not tell him what they have." (Doc 70 at 2.) However, Local Rule 26.3(c)(2)(C) simply requires a record of one party's refusal to provide something sought in discovery. As Bearchild fails to put forth such a record, the Court finds no clear error in Judge Johnston's order denying his motion to comply, and declines to reconsider it

accordingly.

As to the second objection, Bearchild contends that Judge Johnston's conclusion regarding the sufficiency of the affidavits he submitted in support of his motion for TRO and preliminary injunction "gives Defendants an unfair legal advantage, . . . [denies him] meaningful access to court, and further violates his constitutional rights." (Doc. 70 at 4.) He provides absolutely no explanation as to why this is the case, and consequently the Court will review Judge Johnston's recommendation to deny his motion for TRO and preliminary injunction for clear error. *See Rosling v. Kirkegard*, 2014 WL 693315 *3 (D. Mont. Feb. 21, 2014) (citations omitted) ("Where a [party's] objections constitute perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [pleading], the applicable portions of the findings and recommendations will be reviewed for clear error."). The Court finds no clear error in Judge Johnston's conclusion that Bearchild fails to make a sufficient showing under the *Winter* factors. 555 U.S. at 20 ("A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.").

There being no clear error in the remainder of Judge Johnston's order, findings, and recommendations,

IT IS ORDERED that Judge Johnston's findings and recommendations (Doc. 66) are ADOPTED IN FULL. Bearchild's motion for TRO and preliminary injunction (Doc. 49) is DENIED.

DATED this 25th day of February, 2016.

Dana L. Christensen, Chief Judge
United States District Court