FILED
APR 18 2017
Clerk, U.S Courts
District Of Montana
Missoula Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| DEWAYNE BEARCHILD,<br><br>Plaintiff,<br><br>vs.<br><br>KRISTY COBBAN, LARRY PASHA, SAM JOVANOVICH, DAN JOHNSON, BRUNO KRAUS, RON MCDONALD,<br><br>Defendants. | CV 14–12–H–DLC–JTJ<br><br>ORDER |

Before the Court are United States Magistrate Judge John T. Johnston's Findings and Recommendations in this case entered on November 30, 2016, and January 18, 2017. (Docs. 190, 212.) Judge Johnston recommends the following: all motions to strike be denied; Plaintiff Dewayne Bearchild's ("Bearchild") motions for injunctive relief be denied; Bearchild's discovery motions be denied; all Defendants' motions for summary judgment be granted except for Defendant Larry Pasha ("Sergeant Pasha"); and Bearchild's requests for a protective order and court intervention be denied.

Bearchild timely filed his objection with this Court on December 14, 2016, and February 3, 2017, and so is entitled to de novo review of those findings and

-1-

recommendations to which he specifically objects. 28 U.S.C. § 636(b)(1)(C). This Court reviews for clear error those findings and recommendations to which no party objects. *See McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000) (citations omitted).

Notwithstanding the above, "[w]here a petitioner's objections constitute perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original habeas petition, the applicable portions of the findings and recommendations will be reviewed for clear error." *Rosling v. Kirkegard*, 2014 WL 693315 at *3 (D. Mont. Feb. 21, 2014) (citations omitted).

## DISCUSSION

Because the parties are familiar with the factual and procedural background, which Judge Johnston detailed in his very thorough 54-page Findings and Recommendations, they will not be restated here.

Bearchild's objections fall into two categories: (1) objections that rehash similar arguments that Bearchild has made throughout this litigation; and (2)

objections specifically directed toward Judge Johnston's Findings and Recommendations. Consequently, the Court will address the objections Bearchild makes regarding Judge Johnston's legal analysis under de novo review, and then will review Bearchild's rehashed arguments under a clear error standard. Defendant Pasha also objected to Judge Johnston's legal analysis and the Court will review those objections under de novo review.

I. **Motions to Strike**

Judge Johnston recommended denial of all of the motions to strike (Docs. 122, 139, 142, 144, 146, 148, 176, 181) because the court considered all pleadings and evidence in its analysis. Sergeant Pasha takes issue with this ruling for two reasons: first, because the denial of the motion could be determinative of Bearchild's ability to use the subject exhibits and declarations in further hearings and motions; and second, because there was confusion in the docketing on CM/ECF that was not the fault of Defendant Pasha, and because the Local Rules of this Court do not permit sur-reply briefs without prior leave of court. The Court agrees that Defendant Pasha is entitled to the full benefit of the denial of the motions to strike without prejudice; thus, even though Judge Johnston considered all of the evidence in his findings and recommendations, Defendant Pasha may renew his motions to strike in any future hearings or motions.

As to Sergeant Pasha's second argument, the Court finds that Plaintiff Bearchild's sur-reply briefs were filed in violation of the Local Rules. Thus, Defendants' motion to strike the sur-reply briefs (Doc. 139) should be granted. Under this district's L.R. 7.1(d)(1)(D), no further briefing after the reply brief is permitted without prior leave. The Court agrees with Sergeant Pasha that while there may have been a mishap regarding the document filing system at some point in time, the record is now clear that Defendants sought to strike all of Bearchild's sur-reply briefs. (*See* Docs. 139, 140.) The Court finds that because Bearchild did not seek leave of court to file his additional sur-reply briefs, and because these sur-reply briefs are entirely redundant of Bearchild's initial arguments, Documents 134, 135, 136, 137, and 138 will be stricken.

## II. Motions for Injunctive Relief

The Court agrees with Judge Johnston that Bearchild's motions for injunctive relief (Docs. 159, 166, and 169) should be denied. No party objects to this finding and recommendation. Thus, reviewing for clear error, the Court finds none and these motions will be denied.

## III. Discovery Motions

### A. Defendants Discovery Motions

Defendants moved the court to amend the protective order. (Doc. 163.)

Judge Johnston recommended that the motion be granted as to State documents 153, 210, 214, 217, 219-220, 226, 230, 233, 246, 248, 249, 251, 252, 253, 255, 435, 437, 445, 447, 449, and 455, because the redacted information on these documents was irrelevant to Bearchild's claims. Judge Johnston also recommended that the motion be granted as to the schedules at issue, because those documents were similarly irrelevant to Bearchild's claims. No party objected to this finding. The Court finds no clear error with this recommendation and it will be adopted.

### B. Bearchild's Discovery Motions

Bearchild moved the Court to allow him access to unredacted copies of all the documents produced in discovery. (Docs. 167, 173, 179.) Judge Johnston recommended denial of Bearchild's remaining discovery motions because his arguments were redundant and the court had already addressed the discovery issues in this case at length in its previous order. (*See* Doc. 160.) Bearchild did not object to this finding. Therefore, reviewing for clear error, the court finds none and adopts the recommendation.

### IV. Motions for Summary Judgment

First, Judge Johnston addresses the motions for summary judgment based on failure to exhaust administrative remedies. Under the Prison Litigation Reform Act

("PLRA"), a prisoner must exhaust his "administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). Judge Johnston concluded that Bearchild had exhausted his administrative remedies because he was granted the only available administrative remedy at MSP: a PREA investigation. The PREA was completed and fully investigated so the exhaustion requirement was fulfilled. No party objects to this finding, and the Court finds no clear error in that determination.

However, the merits of Bearchild's claims against Defendants Pasha, Jovanovich, Cobban, Kraus, Johnson, and McDonald are in dispute. Judge Johnston recommended that the Court grant summary judgment in favor of Jovanovich, Cobban, Kraus, Johnson, and McDonald, but deny Sergeant Pasha's motion for summary judgment. Sergeant Pasha objects to this finding, and Bearchild objects to the finding as it relates to the other Defendants. The motions will be addressed separately below.

### A.    Sergeant Pasha

The pat-down search at issue in this case occurred at MSP in the lobby of High Side Unit One (HSU-1) between 8:00 a.m. and 9:00 a.m. on November 4, 2013. Bearchild and at least two other inmates were exiting HSU-1 and were

stopped by correctional officers for a routine pat-down before leaving.

Judge Johnston recommends denial of Sergeant Pasha's motion for summary judgment because the facts regarding the pat-down search are disputed. Bearchild alleges that Sergeant Pasha rubbed and stroked his penis and testicles for approximately five minutes. Sergeant Pasha claims that when he searched Bearchild he detected an odd enlargement at the front of Bearchild's pants, instructed Bearchild to face him for privacy reasons, and then instructed Bearchild to lift his shirt and pull out the waistband of his pants so Sergeant Pasha could determine if there was an object in Bearchild's pants. Bearchild replied to this request that it was "[his] penis," Sergeant Pasha claims that he saw no other object in Bearchild's groin area, and the pat-down was completed. Sergeant Pasha asserts that the search lasted less than 60 seconds and was conducted according to standard MSP pat-down procedure.

Judge Johnston found that under the Eighth Amendment, which prohibits cruel and unusual punishment in penal institutions, there is an issue of fact regarding whether Sergeant Pasha's search was a permissible pat-down or a sexual assault. Judge Johnston rejected Sergeant Pasha's contention that he is protected by qualified immunity for the alleged sexual assault because the doctrine of qualified immunity protects government officials "from liability for civil damages

insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Thus, Judge Johnston concluded that a correctional officer could not be immune from a sexual assault. *Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir. 2000) ("In the simplest and most absolute of terms . . . prisoners [have a clearly established Eighth Amendment right] to be free from sexual abuse . . . ").

Sergeant Pasha contends that the recommendation that qualified immunity be denied falls into the traps identified by the United States Supreme Court in *Saucier v. Katz*, 533 U.S. 194 (2001). He claims that the analysis fails to address whether a reasonable officer in Sergeant Pasha's position could have believed that his conduct was lawful. Further, Sergeant Pasha argues that the recommendation does not undertake the "clearly established" inquiry set forth in *Saucier* in light of the specific context of the case. In summary, Sergeant Pasha asserts that his conduct was nothing more than routine security practices of a correctional officer at MSP and the record proves that a reasonable officer in his position would not have known that his pat search was unlawful.

In *Saucier*, the Supreme Court mandated a two-step analysis for resolving a government official's qualified immunity claim. "An officer will be denied

qualified immunity in a § 1983 action only if (1) the facts alleged, taken in the light most favorable to the party asserting injury, show that the officer's conduct violated a constitutional right, and (2) the right at issue was clearly established at the time of the incident such that a reasonable officer would have understood his conduct to be unlawful in that situation." *Torres v. City of Madera*, 648 F.3d 1119, 1123 (9th Cir. 2011) (citing *Saucier*, 533 U.S. at 200); *see also White v. Pauly*, 137 S. Ct. 548, 552 (2017).[1] Thus, qualified immunity is applicable unless the official's conduct violated a clearly established constitutional right. However, "[i]f an officer reasonably, but mistakenly, believed that a suspect was likely to fight back, for instance, the officer would be justified in using more force than in fact was needed." *Saucier*, 533 U.S. at 205.

The Court acknowledges that Judge Johnston's analysis of the doctrine of qualified immunity as it relates to government officials was not lengthy. Notwithstanding this fact, his analysis was concise and the recommendation was

---

[1] Defendants filed a notice of supplemental authority on February 8, 2017, notifying the Court of *White v. Pauly*, 137 S. Ct. 548 (2017), a recent United States Supreme Court case issued on January 9, 2017, that analyzed the doctrine of qualified immunity as it relates to correctional officers. (Doc. 216.) Bearchild objects to Defendants' notice. (Doc. 220.) The Court does not agree with Bearchild that Defendants are offering new legal arguments. Defendants are merely supplementing their briefs with recent case law that may alter the analysis of qualified immunity. However, the Court has read *White v. Pauly* and finds that the facts are distinguishable from the facts at issue here because this is a case where it is obvious that there was a violation of clearly established law. *Id.* at 552 (concluding that the officer did not violate a clearly established law under the Fourth Amendment).

not in error. The first element of the test is met because the facts alleged by Bearchild, when viewed in the light most favorable to Bearchild, show that Sergeant Pasha violated Bearchild's constitutional right to be free from cruel and unusual punishment under the Eighth Amendment. There is a genuine issue of material fact as the length of the pat-down search and the intrusiveness of the search. If Bearchild's account of the incident is proven at trial, a reasonable officer in Sergeant Pasha's position would know that it is unlawful to conduct a five minute pat-down search and stroke an inmate's penis for an extended period of time. There is no dispute that a routine pat-down should take no longer than sixty seconds.

As to the second element, Judge Johnston specifically cites to *Schwenk v. Hartford*, 204 F.3d 1187, 1197 (9th Cir. 2000), for the proposition that "[i]n the simplest and most absolute of terms . . . prisoners [have a clearly established Eighth Amendment right] to be free from sexual abuse . . . ." Further, "[n]o lasting physical injury is necessary to state a cause of action. Rather, the only requirement is that the officer's actions be 'offensive to human dignity.'" *Id.* at 1196. The Ninth Circuit has also held that "the law simply does not require that we find a prior case with the exact factual situation in order to hold that the official breached a clearly established duty." *Id.* at 1197 (quoting *Alexander v.*

*Perrill*, 916 F.2d 1392, 1398 (9th Cir.1990)).

Sergeant Pasha argues at length in his objection that the conduct at issue in *Schewnk v. Hartford, Wood v. Beauclair*, 692 F.3d 1041 (9th Cir. 2012), and *Mathie v. Fries*, 935 F. Supp. 1284, 1301 (E.D.N.Y. 19963), are highly distinguishable from the misconduct alleged by Bearchild. This Court finds that while a sexual assault can occur in a variety of manners, any type of sexual assault by a correctional officer violates the Eighth Amendment because it is offensive to human dignity. The Court does not agree that the conduct alleged by Bearchild is any less important than the egregious sexual assaults described in the other cases. Consequently, Bearchild has satisfied that the right at issue was clearly established at the time of the incident in question. Sergeant Pasha is not entitled to qualified immunity because there exists a question of fact regarding whether his pat-down was a permissible manual palpitation of the groin area pursuant to MSP protocol or a sexual assault.

**B. Sam Jovanovich, Kristy Cobban, Dan Johnson, and Bruno Kraus**

Judge Johnston concluded, and this Court agrees, that summary judgment is appropriate as it relates to Defendants Jovanovich, Cobban, Johnson and Kraus because Bearchild does not allege any viable claim against these defendants. Judge Johnston recommended that Lieutenant Jovanovich is not liable in his

supervisory capacity because Bearchild failed to prove that Lieutenant Jovanovich was "deliberately indifferent" to Bearchild's safety. As to Defendant Cobban, Bearchild alleges that when she received notice of Bearchild's grievance, she threatened to write him up and lock him up for using the grievance system. However, the undisputed timing of events proves that she did not receive notice of Bearchild's grievance until after November 13, 2014, so this alleged conduct could never have occurred on that specific date. In regards to the retaliation claims against Defendants Cobban, Johnson and Kraus, for allegedly threatening to deny Bearchild meals, write him up, or not process his grievances, Judge Johnston recommended that these claims be dismissed because Bearchild is unable to establish the causation element; that is, that Bearchild's grievance is what caused the Defendants to retaliate and that their actions were taken against Bearchild because of his protected conduct.

Bearchild objects to Judge Johnston's findings regarding these Defendants, but fails to specifically object to Judge Johnston's reasoning. Bearchild reiterates the same arguments he has made throughout this litigation, and further contends that Judge Johnston's finding violates Bearchild's constitutional right to access to the courts and his first amendment right to free speech. This Court will not address Bearchild's arguments regarding access to the courts and violation of his

first amendment right because these are new arguments. Thus, the Court reviews the record for clear error and, finding none, the Court adopts Judge Johnston's findings as it relates to Defendants Jovanovich, Cobban, Johnson, and Kraus.

### C. Ron McDonald

Defendant Ron McDonald ("Sergeant McDonald") moved for summary judgment following Judge Johnston's disposition on the other Defendants' motions. Therefore, Judge Johnston issued subsequent Findings and Recommendation solely related to the claims against Sergeant McDonald. (Doc. 212.) Bearchild alleges two claims against Sergeant McDonald: (1) that he failed to supervise and train his subordinate officers, and (2) that he threatened Bearchild if more grievances were filed. Judge Johnston recommended that the claims be dismissed because the court had already found no underlying violation of Bearchild's constitutional rights committed by Defendants Kraus and Johnson, and therefore Sergeant McDonald could have no liability in his supervisory capacity. Second, Judge Johnston concluded that Bearchild failed to present any evidence suggesting that Sergeant McDonald acted in retaliation in his personal capacity.

Bearchild objects and states that the Court should grant him the ability to amend his complaint so he can adequately allege his constitutional claims. The Court denies this request, as Bearchild has already amended his complaint and was

given the opportunity to cure his deficiencies. Bearchild further contends that there was a conspiracy among the correctional officers to deprive Bearchild of meals and his access to the grievance process, and that the discovery proves their conspiracy through a pattern of reoccurring acts by the officers. The Court agrees with Judge Johnson that while Bearchild continues to assert this position, it is not supported whatsoever by the facts.

Finally, Bearchild claims that an amendment of his complaint is warranted because he needs to include claims of illegal detention and wrongful imprisonment. The Court finds that Bearchild failed to raise these claims before Judge Johnston. "[A]llowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act." *Friends of the Wild Swan v. Weber*, 955 F. Supp. 2d 1191, 1194 (D. Mont. 2013), *aff'd*, 767 F.3d 936 (9th Cir. 2014) (citation omitted). "The Magistrates Act was [not] intended to give litigants an opportunity to run one version of their case past the magistrate, then another past the district court." *Id*. Thus, because Bearchild failed to present any of these claims throughout the litigation, the Court declines to address them now. Bearchild's objections are overruled.

Accordingly, IT IS ORDERED that Judge Johnston's Findings and

Recommendations (Docs. 190, 212) are ADOPTED IN PART.

(1) Sergeant Pasha's Motion for Summary Judgment (Doc. 74) is DENIED.

(2) The Motions for Summary Judgment of Sam Jovanovich, Kristy Cobban, Bruno Kraus, Dan Johnson, and Ron McDonald (Docs. 78, 82, 86, 90, 194) are GRANTED.

(3) Bearchild's Request/Petition for Court Intervention (Doc. 159) is DENIED.

(4) Bearchild's Request for Protective Order due to Recent Defendant Retaliation (Doc. 166) is DENIED.

(5) Bearchild's Request for Court Intervention because of an Agent of Defendants' Retaliation Against Plaintiff (Doc. 169) is DENIED.

(6) Defendants' Motion to Strike (Doc. 139) is GRANTED. Documents 134, 135, 136, 137, and 138 shall be stricken from the record.

(7) Denise Deyott is DISMISSED as a Defendant, and the Clerk of Court shall terminate her as a defendant in this matter.

DATED this 18th day of April, 2017.

Dana L. Christensen, Chief Judge
United States District Court