IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| DEWAYNE BEARCHILD,<br><br>Plaintiff,<br><br>vs.<br><br>LARRY PASHA,<br><br>Defendant. | CV 14-00012-H-DLC<br><br>TRIAL SCHEDULING ORDER |

The Ninth Circuit Court of Appeal having remanded this matter for a new trial, the Court issues the following:

**ORDER**

**1.** The following schedule will govern all further proceedings:

| | |
|---|---|
| Plaintiff's Requests for<br>Trial Subpoenas | September 14, 2020 |
| Conference to Prepare<br>Final Pretrial Order: | week of September 28, 2020 |
| File Proposed Final Pretrial Order,<br>Proposed Jury Instructions, Proposed<br>Verdict Form, and Trial Briefs<br>(optional), and submit exhibits: | October 13, 2020 |
| Notice to Court Reporter of<br>Intent to Use Real-Time: | October 13, 2020 |
| Notice to I.T. Supervisor of<br>Intent to Use CD-ROM or<br>Videoconferencing: | October 13, 2020 |

1

| | |
|---|---|
| Final Pretrial Conference: | October 26, 2020 at 9:00 a.m.<br>Paul G. Hatfield Federal Courthouse<br>901 Front Street<br>Helena, MT 59626 |
| Jury Trial (6-member jury): | October 26, 2020 at 10:00 a.m.[1]<br>Paul G. Hatfield Federal Courthouse<br>901 Front Street<br>Helena, MT 59626 |

**2. Number of Jurors and Length of Trial**. Trial of this case shall be conducted in Helena, Montana, before a jury of 6 persons. The Court has set aside two days for trial.

**3. Conference for Trial Preparation**. On or before date set forth above in paragraph 1, counsel for Defendant shall convene a conference with Mr. Bearchild to complete the Final Pretrial Order, to exchange exhibits and witness lists, and to complete or plan for the completion of all items listed in L.R. 16.4(b). The Final Pretrial Order shall comply with the form prescribed by Fed. R. Civ. P. 26(a)(3)(A)(i)-(iii) and Local Rule 16.4. Except for relevancy, objections to the use or designation of deposition testimony are waived if they are not disclosed on the opposing party's witness list, and objections to exhibits are waived if they are not disclosed on the opposing party's exhibit list. *See generally* Forms D, E, and

---

[1] Pursuant to 18 U.S.C. § 3161(h) and Fed.R.Crim.P. 50, criminal matters take priority over civil matters in the event of a conflict. Accordingly, all civil trial settings are subject to the Court's criminal calendar.

F, Local Rules Appendix C.

    **4. Final Pretrial Order**. Mr. Bearchild and defense counsel must hand sign the proposed Final Pretrial Order. Defense counsel shall scan and file the proposed document electronically on or before the date set forth above in paragraph 1. *See* Local Rule 11.2(a)(2). Counsel for Defendant shall also e-mail a copy of the proposed Final Pretrial Order to dlc_propord@mtd.uscourts.gov on or before the date set forth above in paragraph 1.

    Once filed and signed by the Court, the Final Pretrial Order supersedes all prior pleadings and may not be amended except by leave of court for good cause shown.

    **5. Trial Exhibits**.

    (a) Exhibits must be exchanged between the parties prior to the submission of the Final Pretrial Order.

    (b) Each party must submit the following copies of each document exhibit to the Court as follows:

        (i) A first set of exhibits must be mailed to the Clerk of Court in Helena on or before the date set forth above in paragraph 1. All exhibits must be clearly labeled and arranged in numerical order.

        (ii) A second set of document exhibits shall be submitted for the exclusive use of the Judge and delivered to the office of Judge Christensen in

Missoula on or before the date set forth above in paragraph 1.  Defendant's exhibits shall be contained in a binder and must bear an extended tab showing the number of the exhibit.  Mr. Bearchild's document exhibits must be arranged in numerical order and may be, but need not be, bound in a loose-leaf binder, with or without extended tabs.

        (iii)  The Court will use the digital Jury Evidence Recording System (JERS) which allows jurors to use a touch-screen to see the evidence admitted at trial in the jury room during their deliberations.[1]  Accordingly, Counsel shall provide an electronic copy of Defendant's exhibits to the Court's courtroom deputy in Helena on or before the date set forth in paragraph 1 in a format compatible with the Jury Evidence Recording System (JERS).  The Clerk of Court will scan Mr. Bearchild's exhibits into JERS.

(c)  Each exhibit must show the number of the exhibit.  The exhibit lists must identify those exhibits the party expects to offer and those the party may offer if the need arises.  Fed.R.Civ.P. 26(a)(3)(A)(iii); Form F, Local Rules Appendix C.

(d)  Exhibits marked for use at trial that have not been numbered in discovery shall be marked by Mr. Bearchild using an agreed upon range of Arabic

---

[1] Detailed information about how to use JERS, including contact information for District personnel who can assist in understanding and using JERS, is found on the Court's website, http://www.mtd.uscourts.gov under the headings "Attorneys: Presenting Your Case in the Courtroom."

numbers and by Defendant using a different agreed upon range of Arabic numbers. The parties shall not use the same range of exhibit numbers.

(e)  Each exhibit document will be paginated, including any attachments thereto.  That is, any document exhibits that contain more than one page must have page numbers clearly marked on each page of the exhibit.  Exhibit numbers shall not obscure the text or substance of the exhibit.  They shall be numbered in such a manner that if a sheet were to fall out it would be clear where it would properly belong, e.g., Pl.'s 2nd page of Ex. 1 would be numbered 1-2, 3rd page 1-3, etc.

(f)  <u>Exhibits shall not be duplicated</u>.  If one party plans to offer a particular exhibit, the other party shall not number and submit the same exhibit.  An exhibit may be used by either of the parties.  No two exhibits shall bear the same number.

(g)  All objections to exhibits must be made at or before the final pretrial conference.  Objections not timely made will be deemed waived at trial.

(h)  <u>Failure to comply with (a) through (g) above may result in the exclusion of the exhibit at trial.</u>

**6. Trial Briefs**.  Trial briefs are optional but if filed must be received by the Court on the date indicated in paragraph 1.

**7. Final Pretrial Conference**.  A final pretrial conference will be held on the date and time set forth in paragraph 1 with a jury trial to follow immediately thereafter at the Paul G. Hatfield Courthouse, Helena, Montana.

8. **Jury Instructions**.

(a) The parties shall jointly prepare jury instructions upon which they agree (proposed joint instructions). If necessary, each party may also prepare a set of proposed supplemental instructions if different from the agreed joint instructions. **No two instructions shall be submitted with the same number.** The parties shall also prepare an agreed upon verdict form with the instructions. If a verdict form cannot be agreed to, each party shall prepare a separate verdict form together with a written statement explaining why they do not agree on a joint verdict form.

(b) Filing of Joint Proposed Jury Instructions and Joint Proposed Verdict Form: By the date set forth in paragraph 1, any party filing electronically shall (1) file one working copy of the Joint Proposed Jury Instructions and Joint Proposed Verdict Form, and (2) e-mail the same documents, plus a clean copy of each, to dlc_propord@mtd.uscourts.gov.

(c) Electronic Filers' Supplemental Proposed Jury Instructions and Separate Verdict Forms: By the date set forth in paragraph 1, each party shall (1) file one working copy of its supplemental proposed Jury Instructions, together with its proposed verdict form if the parties do not jointly propose one; and (2) e-mail the same documents, plus a clean copy of each, format to dlc_propord@mtd.uscourts.gov.

(d) Conventional Filers' Supplemental Proposed Jury Instructions and

Separate Verdict Forms:  By the date set forth in paragraph 1, Mr. Bearchild shall deliver to the Clerk of Court in the Missoula Division one working copy of his supplemental proposed Jury Instructions, together with its proposed verdict form if the parties do not jointly propose one.

**9. Format of Jury Instructions.**

(a) The clean copy shall contain:

    (1)  a heading reading "Instruction No. ___", and

    (2)  the text of the instruction.

(b) The working copy shall contain:

    (1)  a heading reading "Instruction No. _",

    (2)  the text of the instruction,

    (3)  the number of the proposed instruction,

    (4)  the legal authority for the instruction, and

    (5)  the title of the instruction; i.e., the issue of law addressed by the proposed instruction.

(c) Jury instructions shall be prepared in 14-point Times New Roman font.

**10. Settling of Instructions**.  Final jury instructions will be settled, on the record, prior to closing argument, at which time the parties may present argument and make objections.

**11. Calling Witnesses at Trial**.  When a witness is called to testify at trial,

the parties shall provide to the Clerk of Court four copies of a single page document, *see* Form I, Local Rules Appendix C, providing the following information about the witness:

    a) the full name and current address of the witness;

    b) a brief description of the nature and substance of the witness's testimony;

    c) date witness was deposed or statement taken; and

    d) a listing of each exhibit to which the witness may refer during direct examination.

**12. Technology.** Any party intending to use CD-ROM technology or video teleconferencing for witnesses at trial shall notify the Court's I.T. Supervisor on or before the date set forth above in paragraph 1.

The parties shall provide notice to the court reporter on or before the date set forth above in paragraph 1 of their intent to use real-time.

**13. Writs and Subpoenas.**

(a) Defendant may subpoena witnesses in the usual manner. Defendant must issue subpoenas to witnesses on their will-call witness list and may not release those witnesses without leave of Court.

(b) Mr. Bearchild's Subpoena Requests; Time to File.

    (1) As Mr. Bearchild has been granted leave to proceed in forma pauperis, 28 U.S.C. § 1915(d) requires officers of the Court to issue and serve

witness subpoenas for trial. Therefore, the Court will have the United States Marshals Service serve proper subpoenas requested by Mr. Bearchild. **Mr. Bearchild must submit his subpoena requests to the Court on or before the date set forth above in paragraph 1.** Those subpoena requests must comply with the requirements set forth herein or the subpoenas will not be served.

(2) Mr. Bearchild's subpoena requests must identify the witness by name, current address, a brief description of their expected testimony, an indication whether they are prisoners or not and whether Mr. Bearchild anticipates that they will be prisoners at the time of trial, and on what date and at what time Mr. Bearchild anticipates they will testify. Mr. Bearchild shall prepare a subpoena form for each witness he wants to subpoena to trial.

(c) Mr. Bearchild's Witnesses for Whom a Subpoena is Required.

(1) If Mr. Bearchild wishes to call a prisoner as a witness, Mr. Bearchild must request a subpoena for the prisoner. Prisoner witnesses will most likely appear by video.

(2) Non-prisoner witnesses who will appear voluntarily need not be subpoenaed. However, if Mr. Bearchild expects a witness to appear voluntarily but the witness does not do so, trial will not be delayed while Mr. Bearchild attempts to serve a subpoena on the witness. The Court may decline to order the Marshals Service to attempt to serve a subpoena that is not requested at the time set forth in

9

paragraph 1.

(3) Mr. Bearchild need not subpoena any witness who is on Defendant's will-call witness list. However, if Defendant moves before trial to quash a subpoena to any of his will-call witnesses, and if Mr. Bearchild opposed quashing of the subpoena, Mr. Bearchild may be required to pay that witness's fees.

(4) Mr. Bearchild is advised that unretained expert witnesses may not be subpoenaed and that subpoenas may issue only to individuals who reside, are employed, or who regularly transact business in the District of Montana. *See* Fed. R. Civ. P. 45(c)(3).

(d) Witness Fees.

(1) Prisoner-witnesses are not entitled to fees.

(2) As to all other witnesses Mr. Bearchild intends to subpoena, and notwithstanding his forma pauperis status, Mr. Bearchild must pay the witness fees appropriate to each witness. Each witness is entitled to $40.00 plus mileage for the distance between his or her home or work address and the courthouse at a rate of $0.575 per mile. *See* 28 U.S.C. § 1821(b), (c)(2), (f); *Tedder v. Odel*, 890 F.2d 210 (9th Cir. 1989).

(3) The witness fee must be paid by institutional check or money order **made payable to the witness**. The check or money order must be mailed

separately to the Clerk of Court in Missoula, Montana. The Court will not order service of any subpoena unless the Clerk's Office receives the appropriate witness attendance fee.

(4) Subpoenas issued by the Court pursuant to Mr. Bearchild's request will be served on the witness(es) by the United States Marshals Service. *See* 28 U.S.C. § 1915(d).

**Mr. Bearchild must promptly inform the Court and opposing counsel for the Defendant of any change of address.**

DATED this 21st day of April, 2020.

_____
Dana L. Christensen, District Judge
United States District Court