IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| DEWAYNE BEARCHILD,<br><br>Plaintiff,<br><br>vs.<br><br>LARRY PASHA,<br><br>Defendant. | CV 14–12–H–DLC<br><br><br>ORDER |

Before the Court is Plaintiff Dewayne Bearchild's Motion to Object to Defendant's Expert Disclosures. (Doc. 290.) Mr. Bearchild challenges Defendant Larry Pasha's expert witness disclosures on various grounds and seeks to preclude such expert witnesses from testifying at trial. For the reasons stated herein, the Court finds insufficient justification for precluding such witnesses from testifying at trial but will grant certain alternative relief as described below.

### BACKGROUND

Mr. Bearchild, a prisoner incarcerated in the Montana State Prison, commenced this action in 2014 complaining that he was sexually assaulted by Mr. Pasha in violation of his constitutional rights. (*See generally* Docs. 2; 11.) With Mr. Bearchild proceeding *pro se*, this matter was tried before a jury in July 2017, with a verdict being reached in favor of Mr. Pasha. (*See* Doc. 258.) This verdict

1

was subsequently reversed on appeal. *See generally Bearchild v. Cobban*, 947 F.3d 1130 (9th Cir. 2020). Following remand, this Court issued a new scheduling order setting the case for a second trial. (Doc. 273.)

Mr. Bearchild, now represented by counsel, subsequently moved this Court for an order re-opening discovery so that he could conduct up to 6 depositions and disclose 2 expert witnesses. (Doc. 284 at 2.) This Court refused to re-open discovery so that fact witnesses could be deposed, concluding that it did "not see the need to depose individuals who have already provided sworn testimony in the first trial" and that it was unlikely such depositions would lead to the discovery of additional relevant evidence. (Doc. 288 at 5–6.) With respect to the designation of expert witnesses, however, the Court ordered that each party shall be permitted to designate no more than two expert witnesses. (*Id.* at 6.) The Court also set an expert discovery deadline of December 30, 2020. (*Id.* at 9.)

The parties have now made their respective expert witness disclosures.[1] Mr. Pasha originally disclosed three expert witnesses, including Michael Zuber, Bill Weddington, and Patrick Sheehan. (Doc. 291 at 3.) Such expert witnesses were designated as "hybrid expert witness[es] pursuant to" Federal Rule of Civil Procedure 26(a)(2)(C), with Mr. Pasha representing that none of the three

---

[1] The sufficiency of Mr. Bearchild's expert witness disclosures is the subject of another motion. (Doc. 294.) This motion is not yet ripe for adjudication and will be addressed in a subsequent order. *See* L.R. 7.1(d)(1)(D).

witnesses have been retained or specially employed to provide expert testimony in the case. (Doc. 291-1 at 2–4, 6.) In response to this motion (Doc. 290), Mr. Pasha served on Mr. Bearchild an amended expert witness disclosure removing Mr. Weddington as an expert witness. (Doc. 292-2.) With respect to Mr. Zuber and Mr. Sheehan, Mr. Pasha maintains they will testify exactly as they did during the first trial. (Doc. 292 at 4.) As noted above, Mr. Bearchild raises several arguments regarding the sufficiency of Mr. Pasha's expert witness disclosures and each contention will be addressed in turn.

## DISCUSSION

Mr. Bearchild challenges Mr. Pasha's expert witness disclosures on various grounds, including that Mr. Pasha has improperly: (1) exceeded the number of expert witnesses permitted in this matter; (2) refused to make Mr. Zuber and Mr. Sheehan available for a deposition as to the expert opinions they intend to offer in this case; and (3) designated Mr. Weddington as a Rule 26(a)(2)(C) expert witness as opposed to a Rule 26(a)(2)(B) expert witness, thus requiring the production of a written report. (*Id.* at 3–9.) As relief, Mr. Bearchild asks this Court to preclude Mr. Zuber and Mr. Sheehan from testifying at trial and impose a similar exclusion should Mr. Weddington fail to provide a written report. (*Id.* at 5, 9.)

As an initial matter, the Court finds the first and third issues—Mr. Pasha's disclosure of more than two expert witnesses and Mr. Weddington's alleged failure

to produce a written report—to be moot.  Specifically, after Mr. Bearchild's motion was filed, Mr. Pasha produced an amended expert witness disclosure removing Mr. Weddington, thus reducing his designated expert witnesses from 2 to 3.  (Docs. 292 at 3; 292–2 at 3–5.)  As such, Mr. Bearchild's complaints regarding the numerical excess of Mr. Pasha's disclosures and the proper expert witness classification of Mr. Weddington no longer present a live controversy.

Recognizing this, Mr. Bearchild argues in his reply brief that, for good measure, this Court should "order that any testimony from Mr. Weddington be limited only to facts within his percipient knowledge." (Doc. 295 at 3.)  In other words, Mr. Bearchild argues that this Court should order that Mr. Weddington, a lay witness, can only offer testimony properly provided by a lay witness.  *See generally* Fed. R. Civ. P. 701.  The Court finds such an affirmative ruling unnecessary and prefers to address the issue at trial should it arise.  If Mr. Weddington's trial testimony impermissibly crosses the line between lay and expert testimony, then Mr. Bearchild is free to object on that basis.

With respect to the second issue—Mr. Pasha's refusal to make Mr. Zuber and Mr. Sheehan available for depositions—the Court finds Mr. Bearchild's position persuasive.  As noted above, this Court previously refused to permit Mr. Bearchild to depose "individuals who have already provided sworn testimony at the first trial." (Doc. 288 at 5.)  This includes Mr. Zuber and Mr. Sheehan.  (Docs.

4

267 at 249–86; 268 at 36–79.) Mr. Bearchild contends, however, that in light of Mr. Pasha's designation of them as experts witnesses for the second trial, he should be permitted to depose them on the expert opinions they intend to offer. (Doc. 291 at 4.) In response, Mr. Pasha has served an amended expert disclosure and represents that Mr. Zuber and Mr. Sheehan "are expected to testify just as they did at the first trial." (Doc. 292 at 4.) But this position cannot withstand inspection.

As discussed above, Mr. Pasha called Mr. Zuber and Mr. Sheehan as lay witnesses during the first trial. (Docs. 267 at 249–86; 268 at 36–79.) They were not designated as expert witnesses and they did not offer expert opinions. (*Id.*) With that in mind, Mr. Pasha's designation of Mr. Zuber and Mr. Sheehan as expert witnesses in the run up to the second trial reasonably indicates that they will be offering testimony different to that provided during the first trial in which they exclusively testified as lay witness. This renders Mr. Pasha's assertion that Mr. Zuber's and Mr. Sheehan's sudden designation as expert witnesses will not result in any additional testimony during the second trial, at a minimum, suspicious.

Indeed, inspection of their testimony in the first trial in comparison with Mr. Pasha's amended expert disclosure confirms this suspicion and the necessity of their depositions. During the first trial Mr. Zuber testified generally regarding the layout of the Montana State Prison's High Side Unit 1, the job of a shift commander, interdiction of inmate contraband, and the methodology of contraband

searches within the Montana State Prison under applicable Montana Department of Corrections policy. (Doc. 267 at 249–286.) In essence, Mr. Zuber testified about what it is like, given his personal experience, to conduct contraband searches as a correctional officer for the Montana State Prison.

Similarly, Mr. Sheehan testified regarding application and implementation of the Prison Rape Elimination Act of 2003 standards within the Montana State Prison. (Doc. 268 at 36–79.) Critically, the basis of this testimony was not Mr. Sheehan's role as an expert on the PREA, but rather on his individual role as the PREA policy coordinator for the Montana State Prison. (*Id.* at 36–38.) The proposed testimony described in Mr. Pasha's amended disclosure, however, indicates that their testimony at the second trial may be more robust and include expert opinions that were not offered during the first trial.

Specifically, in Mr. Pasha's amended expert witness disclosure he states that "Mr. Zuber is expected to testify consistent with the facts and opinions he provided in his earlier testimony . . . *and the following*" additional subject areas. (Doc. 292-2 at 3 (emphasis added).) These additional subject areas include, but are not limited to, "security issues faced by correctional institutions . . . and the Associated American Correctional Standards." (*Id.*) Moreover, Mr. Sheehan is expected to testify as to "sexual misconduct in correctional institutions, the general timeline of PREA, including PREA standards . . . and standards of the American Correctional

Association." (*Id.* at 5.) As such, while the crux of Mr. Zuber's and Mr. Sheehan's anticipated trial testimony appears to be similar to that provided in the first trial, Mr. Pasha's amended expert disclosure does indicate an intent to provide more expansive testimony only properly offered by expert witnesses.

The Court agrees, therefore, that Mr. Pasha should have made Mr. Zuber and Mr. Sheehan available for depositions upon Mr. Bearchild's request. The Court does not agree, however, that forbidding Mr. Zuber and Mr. Sheehan from offering expert testimony at trial is the proper remedy. Instead, the Court will grant Mr. Bearchild's motion to the extent it seeks to depose Mr. Zuber and Mr. Sheehan on the expert opinions they intend to offer in the upcoming trial. These depositions shall be strictly limited to such expert opinions and shall not extend to any lay witness testimony offered during the first trial.

Accordingly, IT IS ORDERED that Mr. Bearchild's motion (Doc. 290) is GRANTED in part and DENIED in part, as set forth previously in this Order.

DATED this 9th day of December, 2020.

_____
Dana L. Christensen, District Judge
United States District Court