IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| DEWAYNE BEARCHILD, | CV 14–12–H–DLC |
| Plaintiff, | |
| vs. | ORDER |
| LARRY PASHA, | |
| Defendant. | |

Before the Court is Defendant Larry Pasha's Motion in Limine seeking the exclusion of Plaintiff Dewayne Bearchild's expert witness, Dr. Crystal Evans. (Doc. 294.) For the reasons stated herein, the Court will deny the motion to the extent it seeks to exclude Dr. Evans from testifying at trial, but the Court will provide Mr. Bearchild with certain alternative relief described below.

## BACKGROUND

This civil rights action is brought by Mr. Bearchild, an inmate at the Montana State Prison, seeking redress for an allegedly unconstitutional search performed by correctional officer Mr. Pasha. (*See generally* Docs. 2; 11.) A detailed factual background was provided in the Court's previous order adjudicating Mr. Bearchild's own motion challenging the sufficiency of Mr. Pasha's expert witness disclosures. (Doc. 296 at 1–3.) Consequently, factual recitation is provided only to the extent necessary to resolve the instant motion.

1

In advance of the second trial, Mr. Bearchild has disclosed Roy T. Gravette and Dr. Evans as expert witnesses. (Doc. 294-1.) As to Dr. Evans, Mr. Bearchild couched such disclosure under Federal Rule of Civil Procedure 26(a)(2)(C) and provided the following information:

> **1. Subject Matter of Expected Testimony:**
>
> This witness is Mr. Bearchild's treating licensed clinical social worker. The witness would testify regarding the symptoms of emotional distress suffered by Mr. Bearchild; the causal relationship between Mr. Bearchild's sexual assault by Defendant Pasha and the symptoms experienced by Mr. Bearchild; and the witness's care, treatment, and prognosis by Mr. Bearchild.
>
> **2. Summary of Expected Opinion:**
>
> The witness would testify regarding the symptoms of emotional distress suffered by Mr. Bearchild; her opinions regarding the causal relationship between Mr. Bearchild's sexual assault by Defendant Pasha and the symptoms experienced by Mr. Bearchild; and facts and opinions relating to the care, treatment, and prognosis of Mr. Bearchild.

(*Id.* at 3–4.)

In response, Mr. Pasha has moved this Court for an order forbidding Dr. Evans from testifying at trial on the basis that Mr. Bearchild has failed to comply with various provisions of Rule 26. (*See generally* Doc. 294.) Each specific Rule 26 argument is addressed in turn below.

## DISCUSSION

Rule 26 requires litigants to disclose certain information regarding expert witnesses they intend to call at trial. Specifically, under Rule 26(a)(2)(C), a party must disclose certain information regarding expert witnesses who need not prepare a report, including: (1) "the subject matter on which the witness is expected to present evidence;" and (2) "a summary of the facts and opinions to which the witness is expected to testify." As this Court has previously recognized, the sufficiency of a Rule 26(a)(2)(C) disclosure depends on whether it permits an opposing party to "determine what, if any, adverse opinions are being proffered and make an informed decision as to whether it is necessary to take a deposition and whether a responding expert is needed." *Ibey v. Trinity Universal Ins. Co.*, 2013 WL 4433796, *3 (D. Mont. 2013) (CV 12–31–M–DWM).

Additionally, under Rule 26(e) a party is required to supplement its responses to discovery requests on an ongoing basis. This supplementation requirement undoubtedly extends to discovery requests targeted at prospective expert witnesses. If a party fails to make a proper Rule 26(a)(2)(C) disclosure or supplement their responses to discovery requests, "the party is not allowed to use" the omitted information" at trial. Fed. R. Civ. P. 37(c)(1). This exclusionary sanction is inappropriate, however, if the nondisclosure is substantially justified or harmless. *Id.* Moreover, this Court enjoys wide latitude to fashion other

appropriate relief in response to a Rule 26 violation. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

Mr. Pasha challenges Mr. Bearchild's disclosure of Dr. Evans on two grounds. Specifically, Mr. Pasha contends that: (1) Mr. Bearchild's disclosure of Dr. Evans insufficiently describes her opinions, in violation of Rule 26(a)(2)(C); and (2) Mr. Bearchild has failed to supplement his responses to discovery requests seeking information related to Dr. Evans' proposed expert testimony, in violation of Rule 26(e). (Doc. 294 at 2–3.) Considering these supposed "multiple violations of Rule 26," Mr. Pasha requests that this Court prohibit Mr. Bearchild from calling Dr. Evans at trial. (*Id.* at 3.)

In response, Mr. Bearchild contends that his disclosure of Dr. Evans satisfies the requirements of Rule 26(a)(2)(C). (Doc. 302 at 4–5.) Mr. Bearchild relies predominately on this Court's prior holding in *Green v. Montana Department of Public Health and Human Services*, 2014 WL 12591834 (D. Mont. 2014 (CV 12–62–H–DLC), arguing that his disclosure of "Dr. Evans is directly analogous to the disclosure in *Green*" which this Court supposedly found sufficient under Rule 26(a)(2)(C). (Doc. 302 at 5–6.) Additionally, Mr. Bearchild represents that he will supplement his discovery responses "despite having already disclosed the witnesses in accordance with expert disclosure deadlines" and that exclusion of Dr. Evans is an unwarranted sanction. (*Id.* at 6–7.)

As an initial matter, the Court finds Mr. Bearchild's reliance on *Green* utterly misplaced. Notably, in *Green* this Court specifically noted that, unlike this case, "Defendants do not object to the sufficiency of Plaintiffs' Rule 26(a)(2)(C) disclosures" and instead addressed the question of whether "medical records are a necessary component of [an] expert disclosure related to treatment care providers." 2014 WL 12591834 at *4–5 (adding "Defendants expressly do not raise" claims "related to the sufficiency of [a] Rule 26(a)(2)(C) disclosure"). Put another way, contrary to Mr. Bearchild's representations, this Court in *Green* did not determine whether a party's expert witness disclosure satisfied the requirements of Rule 26 (a)(2)(C). Consequently, *Green* provides no guidance whatsoever for what constitutes an adequate Rule 26(a)(2)(C) disclosure.

Turning to the question of whether Mr. Bearchild's disclosure of Dr. Evans complies with Rule 26(a)(2)(C), this Court undertakes two separate inquiries, each asking whether the disclosure sufficiently summarizes: (1) the subject matter on which the witness is expected to testify; and (2) a summary of the facts and opinions to which the witness is expected to testify. As noted above, sufficiency depends on whether the disclosure outlines the "adverse opinions . . . being proffered" and permits the other party to "make an informed decision as to whether it is necessary to take a deposition and whether a responding expert is needed."

*Ibey*, 2013 WL 4433796 at *3.  Applying this test, the Court finds that Mr. Bearchild's disclosure of Dr. Evans violates Rule 26(a)(2)(C).

As to the first inquiry, the Court finds no defect with respect to Mr. Bearchild's disclosure of the subject matter on which Dr. Evans is expected to testify.  Indeed, Mr. Pasha admits as much.  (Doc. 304 at 2.)  Mr. Bearchild's disclosure states that Dr. Evans will testify on a multitude of subjects, including Mr. Bearchild's symptoms of emotional distress, the causal nexus between Mr. Pasha's alleged sexual assault of Mr. Bearchild and such symptoms of emotional distress, and Dr. Evan's treatment of Mr. Bearchild as his licensed clinical social worker.  (Doc. 294-1 at 3.)  This disclosure sufficiently describes the various subjects on which Dr. Evans intends to offer evidence.

As to the second inquiry, the Court finds Mr. Bearchild's disclosure of Dr. Evans to be woefully inadequate.  Under "Summary of Expected Opinion," the disclosure provides nothing more than a renumeration of the subjects listed above. (*Id.* at 4.)  For example, the disclosure states that Dr. Evans would testify regarding "her opinions regarding the causal relationship between Mr. Bearchild's sexual assault by Defendant Pasha and the symptoms experienced by Mr. Bearchild" as well as the "facts and opinions relating to the care, treatment, and prognosis of Mr. Bearchild." (*Id.*)  Critically, nowhere does the disclosure enlighten Mr. Pasha on *what those opinions actually are*, which, unsurprisingly, is the central purpose of a

Rule 26(a)(2)(C) disclosure. This inadequate disclosure thus runs afoul of Rule 26(a)(1)(C)(ii). *See Amezcua v. Boon*, 754 Fed. Appx. 551, 553 (9th Cir. 2018).

Having found a Rule 26 violation, this Court must fashion the proper remedy. As noted above, Mr. Pasha urges this Court to deploy the nuclear option and forbid Dr. Evans from testifying at trial. (Doc. 304 at 3.) Mr. Bearchild predictably argues for a less severe outcome. (Doc. 302 at 6–7.) In the final analysis, this Court does not find exclusion of Dr. Evans to be the appropriate remedy and denies Mr. Pasha's motion to the extent he seeks such relief. Instead, the Court will render Mr. Bearchild's Rule 26 violation harmless by ordering him to serve on Mr. Pasha a supplemental disclosure of Dr. Evans on or before January 29, 2021. This disclosure shall sufficiently outline what actual opinions she intends to offer. The Court warns Mr. Bearchild that the failure to make a sufficiently precise supplemental disclosure may result in the exclusion of Dr. Evans as a witness at trial. For good measure, Mr. Pasha shall be permitted to take the deposition of Dr. Evans, should he so desire, and may disclose his own response expert on or before March 1, 2021.[1]

The Court additionally takes the opportunity to remind Mr. Bearchild that treating physicians, such as Dr. Evans, must produce a report in compliance with

---

[1] The Court notes that the parties are free to stipulate to the extension of these two deadlines on their own accord and without the intervention of this Court, so long as such stipulations do not impede on the current trial setting.

Rule 26(a)(2)(B) when their testimony "goes beyond care, treatment and prognosis." (Doc. 288 at 7.) Here, the disclosure of Dr. Evans specifically contemplates testimony on "the causal relationship between Mr. Bearchild's sexual assault by" Mr. Pasha "and the symptoms experienced by Mr. Bearchild." (Doc. 294-1 at 3.) It is well established that such causation testimony falls outside of the scope of opinions formed "during the course of treatment" and are thus only properly offered by experts who prepare and submit a written report. *See, e.g., Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 824–26 (9th Cir. 2011). Accordingly, Mr. Bearchild is warned that the failure to produce a report in compliance with Rule 26(a)(2)(B) for any of Dr. Evans opinions stemming beyond "care, treatment, and prognosis" may result in the exclusion of such opinions at trial. To the extent a report is necessary, Mr. Bearchild must produce one on or before January 29, 2021.

Having found grounds to grant Mr. Pasha's motion on the basis of a Rule 26(a)(1)(C)(ii) violation, the Court need not reach the question of whether Mr. Bearchild has failed to supplement responses to Mr. Pasha's discovery requests in violation of Rule 26(e). Nonetheless, the Court takes the opportunity to remind the parties of their ongoing duty to supplement. Fed. R. Civ. P. 26(e).

Accordingly, IT IS ORDERED that Mr. Pasha's motion (Doc. 294) is GRANTED in part and DENIED in part, as set forth previously in this order.

IT IS FURTHER ORDERED that on or before January 29, 2021, Mr. Bearchild shall serve on Mr. Pasha an amended disclosure of Dr. Evans sufficiently summarizing the facts and opinions on which she is expected testify at trial.  Further, on or before March 1, 2021 Mr. Pasha may elect to take the deposition of Dr. Evans and otherwise designate his own response expert.  The parties are free to stipulate to an alteration of these deadline without judicial intervention, so long as such stipulations do not impede on the current trial setting.

DATED this 4th day of January, 2021.

_____
Dana L. Christensen, District Judge
United States District Court