IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| DEWAYNE BEARCHILD, <br><br> Plaintiff, <br><br> vs. <br><br> LARRY PASHA, <br><br> Defendant. | CV 14–12–H–DLC <br><br><br> ORDER |

Before the Court is Defendant Larry Pasha's application for taxation of costs. (Doc. 373). After prevailing at trial, Mr. Pasha seeks taxation of costs on $128.48 in witness fees and $2,300.00 in copy fees, for a total of $2,428.48. (*Id.*) For the reasons stated herein, the application will be denied.

The Federal Rules of Civil Procedure provide that "costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Rule 54(d) is an exception to the rule that "each party, win or lose," must "generally bear[] many of its own litigation expenses," *City of San Antonio, Texas v. Hotels.com, L. P.*, 141 S. Ct. 1628, 1631 (2021), and "creates a presumption for awarding costs to prevailing parties" rebuttable by the "losing party" upon a showing "why costs should not be awarded," *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944–45 (9th Cir. 2003).

1

This Court is afforded significant discretion in awarding or refusing to award costs but must explain its decision one way or another. *Id.* at 945. An unexhaustive list of factors to be considered, includes: (1) the substantial public importance of the case; (2) the closeness and difficulty of the issues in the case; (3) the chilling effect on future similar actions; (4) the plaintiff's limited financial resources; and (5) the economic disparity between the parties. *Draper v. Rosario*, 836 F.3d 1072, 1087 (9th Cir. 2016). These factors are just "a starting point for analysis" and a party need not show they all weigh in their favor. *Id.* Upon weighing the applicable factors, the Court finds it would be improper to award the costs sought by Mr. Pasha.

As to the first factor—public importance—the Ninth Circuit has previously found that "Eighth Amendment cases," such as this one, "are important for safeguarding the rights and safety of prisoners." *Id.* at 1088. This Court has previously adhered to this logic and finds no reason to reach a contrary conclusion now. *Stewart v. Jovanovich*, 2019 WL 2476794, *1 (D. Mont. 2019). In this action, Mr. Bearchild complained that he was sexually assaulted by Mr. Pasha in violation of his Eighth Amendment rights. This claim is of substantial public importance and this factor weighs against an award of costs.

Turning to the second factor—the closeness and difficulty of the issues—the Court finds this factor to be neutral at best. On the one hand, the Court recognizes

that Mr. Bearchild was able to survive summary judgment and present his case to the jury. *Draper*, 836 F.3d at 1088. On the other hand, the jury deliberated for only a few hours before unanimously rejecting his claim; the same result reached by the jury at the conclusion of the first trial in this case. As such, this factor provides little support either for or against an award of costs.

The third factor—chilling effect—weighs against an award of costs in this action. As a general matter, awarding close to $2,500 in costs in response to an unsuccessful prisoner Eighth Amendment claim poses a significant risk of chilling similar actions in the future. *Id.* To compound this, Mr. Bearchild has submitted an affidavit demonstrating he has virtually no financial resources. (Doc. 378-1.) "The Court will not be a party to" actions likely to "chill inmates in similar lawsuits from challenging constitutional violations." *Stewart*, 2019 WL 2476794 at *2.

The final two factors—the plaintiff's financial resources and economic disparity between the parties—weigh strongly in Mr. Bearchild's favor. As previously mentioned, Mr. Bearchild has provided the Court with an affidavit demonstrating he has "virtually no resources" beyond a bank account holding $139.70. (Doc. 378-1.) Here, "[t]here is no comparison between [Mr. Bearchild's] limited resources and those of the state of [Montana], which bore the defense

costs." *Draper*, 836 F.3d at 1089.  The foregoing is more than sufficient to rebut the presumption in favor of awarding costs and to deny Mr. Pasha's application.

The Court also notes that even if it reached a contrary conclusion, Mr. Pasha's failure to provide any documentation demonstrating the $2,300 sought for copying fees was reasonably necessary is sufficient grounds to support a summary denial.  L.R. 54.1(b)(3).  Without more, the Court cannot conclude that such costs were necessarily incurred.  Based on the foregoing, the application will be denied.

Accordingly, IT IS ORDERED that Mr. Pasha's application for taxation of costs (Doc. 373) is DENIED.

DATED this 26th day of July, 2021.

_____

Dana L. Christensen, District Judge
United States District Court