IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| DEWAYNE BEARCHILD,<br><br>               Plaintiff,<br><br>vs.<br><br>LARRY PASHA,<br><br>               Defendant. | CV 14–12–H–DLC<br><br><br>ORDER |

Before the Court is Plaintiff Dewayne Bearchild's Motion for a New Trial. (Doc. 371.) Mr. Bearchild moves this Court for a new trial pursuant to Federal Rule of Civil Procedure 59. (Doc. 372.) Specifically, Mr. Bearchild argues that a new trial is necessary because the first question on the verdict form was "unnecessary and likely caused juror confusion" and to otherwise prevent a miscarriage of justice. (*Id.* at 2.) Defendant Larry Pasha objects. (Doc. 374.)

## BACKGROUND

Mr. Bearchild, then an inmate at the Montana State Prison, originally filed this lawsuit in March 2014, complaining that Mr. Pasha sexually assaulted him during a pat-down search performed on November 4, 2013. (*See generally* Doc. 2.) The matter proceeded to trial almost three years later and the jury found in favor of Mr. Pasha. (Doc. 258.) Mr. Bearchild appealed, and the Ninth Circuit

1

subsequently reversed based on jury instruction error. *See generally Bearchild v. Pasha*, 947 F.3d 1130 (9th Cir. 2020).

Following remand, this matter proceeded to a second jury trial beginning on June 21, 2021. (Doc. 357.) On the penultimate day of trial, the Court discussed its proposed verdict form with the parties. Mr. Bearchild objected to the wording of the first question, asking for some additional language, which the Court overruled.[1] After making some minor revisions, not at issue in the current motion, the Court settled the final verdict form with the parties.

This verdict form asked the jury, in relevant part:

(1) Did Defendant Larry Pasha act without penological justification during the pat search of Plaintiff Dewayne Bearchild? (*See* Instructions F-10 and F-11.)

  Yes_____      No_____

If you answered "No" to Question No. 1 do not answer the remaining questions. Sign and date the Special Verdict and notify the bailiff you have completed your deliberation. If you answered "Yes" to Question No. 1 proceed to Question No. 2.

(2) Did Defendant Larry Pasha touch Plaintiff Dewayne Bearchild in a sexual manner, engage in sexual conduct for Mr. Pasha's own sexual gratification, or act for the purpose of humiliating, degrading, or demeaning Mr. Bearchild? (*See* Instructions F-10 and F-11.)

  Yes_____      No_____

---

[1] Notably, the substance of this objection does not form the basis of Mr. Bearchild's current attack on the first question, which he now asserts should not have been given altogether.

> If you answered "No" to Question No. 2, do not answer the remaining questions. Sign and date the Special Verdict and notify the bailiff you have completed your deliberation. If you answered "Yes" to Question No. 2 proceed to Question No. 3.

(Doc. 368 at 1–2.) The jury answered no to the first question, thereby reaching a verdict in Mr. Pasha's favor. (*Id.* at 1, 3.)

## STANDARD

The Federal Rules of Civil Procedure authorize this Court to "grant a new trial . . . after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). "Rule 59 does not specify the grounds on which a motion for a new trial may be granted" but instead binds federals courts to "those grounds that have been historically recognized." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007). In the Ninth Circuit, this Court may "invade the province of the jury" by granting a motion for new trial "only if the verdict is contrary to the clear weight of the evidence, is based upon false or perjurious evidence, or to prevent a miscarriage of justice." *Skydive Ariz., Inc. v. Quattrocchi*, 673 F.3d 1105, 1113 (9th Cir. 2012) (noting that denial of such a motion is "virtually unassailable").

What is also clear, however, is that a new trial generally cannot be based on assignments of error that could have been raised during trial but were not. 11 Mary Kay Kane, *Federal Practice and Procedure* § 2805 (3d ed. 2021) (stating that a "principle that strikes very deep is that a new trial will not be granted on

3

grounds not called to the court's attention during the trial unless the error was so fundamental that gross injustice would result"); *see also Bradford v. City of L.A.*, 1994 WL 118091, *4 (9th Cir. 1994) (unpublished). Applying the foregoing standard, the Court will deny Mr. Bearchild's motion for a new trial.

## ANALYSIS

Recall, Mr. Bearchild rests his motion for a new trial on two independent grounds. First, Mr. Bearchild argues that the verdict form's first question was confusing and led to a situation in "the jury could not have rationally found for" him. (Doc. 372 at 4– 9.) Second, Mr. Bearchild contends letting the jury verdict stand in light of evidentiary rulings issued by this Court during the course of trial would occasion a miscarriage of justice. (*Id.* at 9–11.) The Court will address each contention in turn.

### I. The Verdict Form.

Mr. Bearchild's principal argument is that question one on the verdict form misapplied the Ninth Circuit's opinion in *Bearchild* and made it impossible for the jury to return a verdict in his favor. As a threshold matter, the Court is skeptical that this argument can properly form the basis of affording him a new trial. *Bradford*, 1994 WL 118091 at *4. As stated previously, a "principle that strikes very deep is that a new trial will not be granted on grounds not called to the court's

attention during the trial unless the error was so fundamental that gross injustice would result." Kane, *supra*, § 2805.

There is no reason Mr. Bearchild could not have raised during trial the issues he now suddenly has with the verdict form's first question. Mr. Bearchild's entire argument stems from his reading of the Ninth Circuit's opinion in *Bearchild*, an opinion that existed long before this case even proceeded to the instant trial. Where, as here, a party's argument in favor of a new trial rests on grounds that could have been raised before or during trial, a district court does not err in denying a motion for new trial on that basis. *United States v. Walton*, 909 F.2d 915, 924 (6th Cir. 1990). Nonetheless, the Court finds Mr. Bearchild's argument unavailing on the merits.

The Court begins by discussing *Bearchild*. The critical issue in *Bearchild* was whether the model jury instructions on which this Court relied during the first trial were plainly erroneous. 947 F.3d at 1135, 1139. The Ninth Circuit began by describing Mr. Bearchild's claim as one in which a pat-down search was allegedly converted "into a sexual assault." *Id.* at 1134. Mr. Bearchild endorses this characterization of his claim. (Doc. 372 at 5.) The Ninth Circuit then went on to describe the law surrounding Eighth Amendment sexual assault claims at length. *Bearchild*, 947 F.3d at 1140.

The Court synthesized prior authority to reveal several principles regarding Eighth Amendment sexual assault claims. First, "sexual assault serves no valid penological purpose." *Id.* at 1144. Second, "where an inmate can prove that a prison guard committed a sexual assault, we presume the guard acted maliciously and sadistically for the very purpose of causing harm, and the subjective component of the Eighth Amendment claim is satisfied." *Id.* Lastly, "an inmate need not prove that an injury resulted from sexual assault in order to maintain an excessive force claim under the Eighth Amendment." *Id.*

Based on these principles, the Ninth Circuit forged the following rule, stating:

> We now hold that a prisoner presents a viable Eighth Amendment claim where he or she proves that a prison staff member, acting under color of law and without legitimate penological justification, touched the prisoner in a sexual manner or otherwise engaged in sexual conduct for the staff member's own sexual gratification, or for the purpose of humiliating, degrading, or demeaning the prisoner. This definition recognizes that there are occasions when legitimate penological objectives within a prison setting require invasive searches. It also accounts for the significant deference courts owe to prison staff, who work in challenging institutional settings with unique security concerns. In a case like Bearchild's, where the allegation is that a guard's conduct began as an invasive procedure that served a legitimate penological purpose, the prisoner must show that the guard's conduct exceeded the scope of what was required to satisfy whatever institutional concern justified the initiation of the procedure. Such a showing will satisfy the objective and subjective components of an Eighth Amendment claim.

*Id.* at 1144–45.

Following the issuance of this opinion, the Ninth Circuit Jury Instructions Committee developed the following pattern instruction, which states, in relevant part:

> Under the Eighth Amendment, a convicted prisoner has the right to be free from "cruel and unusual punishments." To prove the defendant deprived [name of applicable plaintiff] of this Eighth Amendment right, the plaintiff must establish the following elements by a preponderance of the evidence:
>
> 1. [*Name of applicable defendant*] acted under color of law;
>
> 2. [*Name of applicable defendant*] acted without penological justification; and
>
> 3. [*Name of applicable defendant*] [touched the prisoner in a sexual manner] [engaged in sexual conduct for the defendant's own sexual gratification] [acted for the purpose of humiliating, degrading, or demeaning the prisoner].

Ninth Cir. Pattern Jury Instr. Civ. 9.26A (2017 ed.).

The Court's verdict form modeled these elements precisely. (Doc. 368 at 1–2.)[2] Mr. Bearchild essentially argues this pattern instruction and its incorporation into the verdict form misstates the law as delineated by the Ninth Circuit in *Bearchild*. Specifically, Mr. Bearchild argues that because his claim was based on a theory of conversion from a legitimate pat down search to a sexual assault and

---

[2] Because the parties stipulated that Mr. Pasha acted under color of law (Doc. 363 at 4, 12), and the jury was instructed to accept this stipulation (*id.*), the first element was omitted from the final verdict form.

7

because he conceded at trial that Mr. Pasha "had a legitimate penological justification at the beginning of" the pat search at issue, there is no possible way the jury could have ruled in his favor. The Court disagrees.

First, the jury was specifically instructed that there is no penological justification for sexual assault. (Docs. 363 at 13.) As such, if the jury concluded that Mr. Pasha sexually assaulted Mr. Bearchild, then it would have answered "yes" to the verdict form's first question. Second, the verdict form's first question specifically cross referenced the final instruction delineating the elements of Mr. Bearchild's claim.[3] And this instruction stated that Mr. Bearchild was required to prove "Mr. Pasha acted without penological justification, *meaning that his conduct exceeded the scope of what was required to satisfy whatever institutional concern justified the initiation of a path search*." (Doc. 363 at 12 (emphasis added).)

This is precisely how the Ninth Circuit characterized the law applicable to Mr. Bearchild's claim. *Bearchild*, 947 F.3d at 1145 ("*In a case like Bearchild's*, where the allegation is that a guard's conduct began as an invasive procedure that served a legitimate penological purpose, the prisoner must show that the guard's conduct exceeded the scope of what was required to satisfy whatever institutional concern justified the initiation of the procedure") (emphasis added). Based on this

---

[3] It bears repeating that this instruction was specifically drafted by the Ninth Circuit Jury Instructions Committee to capture the elements of Mr. Bearchild's claim, following his successful appeal to the Ninth Circuit after the first trial.

cross-reference, the Court does not agree that the instructions or verdict form told the jury Mr. Bearchild could only prevail if the jury concluded the entire pat down search, from beginning to end, lacked a legitimate penological purpose. The Court will not grant a new trial on this basis.

## II.     Evidentiary Rulings.

The Court declines to rehash and reanalyze evidentiary rulings made during the course of trial. The Court already explained its reasoning at length and repeatedly on the record and its view of those issues has not changed since trial. In short, the Court is of the view that a miscarriage of justice will not be occasioned if it declines to reverse the course of certain challenged evidentiary rulings. The jury's verdict will not be disturbed on this basis.

Accordingly, IT IS ORDERED that the motion (Doc. 371) is DENIED.

DATED this 24th day of August, 2021.

_Dana L. Christensen_
Dana L. Christensen, District Judge
United States District Court