IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| DEWAYNE BEARCHILD, | CV 14–12–H–DLC |
| Plaintiff, | |
| vs. | ORDER |
| LARRY PASHA, | |
| Defendant. | |

The Court is in receipt of several documents mailed by DeWayne Bearchild to the Clerk of Court for United States District Court for the District of Montana. (Doc. 386.)  The Court will not take any action in response to these mailings.

The first document is an incomplete copy of the Ninth Circuit's Form 4: Motion and Affidavit for Permission to Proceed in Forma Pauperis.  (*Id.* at 1); *Compare id.* to United States Court of Appeals for the Ninth Circuit Form 4: Motion and Affidavit for Permission to Proceed in Forma Pauperis, https://cdn.ca9.uscourts.gov/datastore/uploads/forms/form04instructions.pdf.  The second set of documents includes a copy of this Court's Transcript Order Form seeking transcripts from the first three days of the jury trial held in this matter. (Doc. 386 at 2.)  Mr. Bearchild seeks these transcripts *in forma pauperis*.  (*Id.* at 2.)  This set also includes a copy of the Transcript Order Form's instructions (*id.* at

3) and a copy of Judge Strong's order permitting Mr. Bearchild to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915 (*id.* at 4–6).

As to the first document, the Court is unclear why this would be sent to the Clerk of Court for United States District Court for the District of Montana.  Not only is this form designed for filing at the Ninth Circuit, not this Court, but it appears Mr. Bearchild already filed a copy of this form with the Ninth Circuit.  *See Bearchild v. Pasha*, 21-35768, Dkt. 2 (9th Cir. September 27, 2021).  In response, the Ninth Circuit issued an order notifying Mr. Bearchild that because he was previously afforded leave to proceed in forma pauperis in this Court (Doc. 5), a motion to proceed in forma pauperis in the Ninth Circuit was unnecessary. *Bearchild v. Pasha*, 21-35768, Dkt. 3 (9th Cir. November 8, 2021).  Based on the foregoing, the Court will not take any action in response to this filing.

As to the second set of documents, the Court will also not take any action. The instructions Mr. Bearchild himself included in his mailing to the Clerk of Court state "If applicable, check CJA or IFP.  *A court order authorizing transcripts is required before transcripts may be ordered in forma pauperis*."  (Doc. 386 at 3 (emphasis added).)  Mr. Bearchild presumably attached Judge Strong's original in forma pauperis order, thinking it satisfied this requirement.  It does not.

Instead, under federal law, transcripts may only be provided to in forma pauperis litigants at the United States' cost "if the trial judge or a circuit judge

2

certifies that the appeal is not frivolous (but presents a substantial question)."  28 U.S.C. § 753(f); *McKinney v. Anderson*, 924 F.2d 1500, 1511 (9th Cir. 1991), *vacated on other grounds by Helling v. McKinney*, 502 U.S. 903 (1991).  In other words, litigants prosecuting appeals *in forma pauperis* must necessarily pay for the preparation of requested transcripts unless they obtain an order from this Court or a circuit judge certifying the appeal presents a substantial issue.  *Henderson v. United States*, 734 F.2d 483, 484 (9th Cir. 1984).  Mr. Bearchild has not done so.

Accordingly, IT IS ORDERED that if Mr. Bearchild seeks transcripts to prosecute his appeal and wants the costs of preparing such transcripts to be borne by the United States, he must file a motion with either this Court or the Ninth Circuit, establishing why his appeal is not frivolous and presents a substantial question.  Any motion filed by Mr. Bearchild should explain why the requested transcripts are necessary to present the identified substantial questions to the Ninth Circuit.

As a final matter, the Court finds it necessary to explain to Mr. Bearchild that it is a longstanding principle in the Ninth Circuit that a litigant's pro se status in a civil action does not provide them with "rights that a litigant represented by a lawyer does not have."  *Barnes v. United States*, 241 F.2d 252, 254 (9th Cir. 1956).  Pro se litigants must prosecute their actions in the same manner as litigants represented by counsel.  *American Ass'n of Naturopathic Phys. v. Hayhurst,* 227

3

F.3d 1104, 1107–08 (9th Cir. 2000); *Rucker v. U.S. Postal Service*, 1998 WL 22043, *1 (9th Cir. 1998) (unpublished) (noting that "[w]hile this may seem harsh, it is one of the risks that [a] plaintiff assumes" when they continue pro se).  In the future, the Court will not take any action on scattered mailings from Mr. Bearchild to the Clerk of Court.  If Mr. Bearchild wishes to obtain action from this Court in any respect, he shall move the Court for such relief in the manner expected by all other litigants.

DATED this 12th day of November, 2021.

Dana L. Christensen, District Judge
United States District Court